## WILLIAM W. KIRKLAND

### *v.*

## SARAH L. CONWAY *et al.*

*Filed at Springfield March 27, 1886.*

1. WILL—*description, as to land devised.* A testator devised to his daughter, S., certain tracts of land, and in the next clause provided as follows: "Also 50 acres in the south part of section 7," and in the third clause devised to his grandson "314 acres of land, so as to leave S. (his daughter) in the south-east part of said section 7, in which his 314 is, it being the south part of said section 7, in town," etc. *Held,* that the 50 acres given to S. was in a square in the south-east corner of section 7.

2. A testator owned all of section 7, containing 520.58 acres, except 80 acres, being the east half of the north-east quarter of the section. He devised 50 acres in the south-east corner of the section to A, his daughter, and to B, a grandson, 314 acres, "so as to leave A in the south-east part of said section 7, in which his (B's) 314 acres is, it being the south part of section 7," etc.; also, to the heirs of his deceased daughter, C, 245 acres, "or all of the balance of section 7, as above described, to be divided equal between them:" *Held,* that after first taking out A's 50 acres in the south-east corner, B's 314 acres was to be taken in the south part of the section, taking all of the south half except A's 50 acres, and enough more off the south side of the north-west quarter and the west half of the north-east quarter of the section, leaving only 76.58 acres for the heirs of C, in the north part of the north-west quarter, and the west half of the north-east quarter.

3. SAME—*evidence to show testator's intention by his declarations.* The declarations of the testator as to the extent of the interest he intended to give a devisee by his will, are clearly incompetent evidence. The testator's intentions must be determined from the language of his will.

APPEAL from the Circuit Court of Piatt county; the Hon. C. B. SMITH, Judge, presiding.

Mr. A. T. PIPHER, for the appellant.

Messrs. LODGE & HUSTON, for the appellees Sidney and John Dubson.

Mr. JUSTICE MAGRUDER delivered the opinion of the Court:

William Kearney, of Piatt county, died in January, 1877, leaving a will, dated January 11, 1877. The will was admitted to probate in the county court of Piatt county on January 23, 1877, and the clauses thereof necessary to be considered, are as follows:

"To my daughter, Sidney Dubson, and her heirs, the north half of the north-west quarter of section 17, and part of the north-west quarter of the north-east quarter of section 17, all in town 19, range 6, east of third P. M., so as to have all the land belonging to me in section 17, in town 19. Also, 50 acres in the south part of section 7, being a part of the section that the railroad passes through, so as to include all of my land east of said P. D. railroad, except timber land. Also, to William Ward Kirkland, the son of my daughter Virginia, 314 acres of land, so as to leave Sidney Dubson in the south-east part of said section 7 in which his 314 acres is, it being in the south part of section 7, in T. 19, R. 6 E. of the third P. M. Also, to the heirs of my daughter Sarah Elizabeth Conklin, 245 acres, or all of the balance of section 7, as above described, that belongs to me, to be divided equal between them. And 90 acres in section 6, or all of the land that I own in section 6, and 10 acres of land deeded to me from Jesse Fitzwater, off of the east side of the south-east quarter of section 1, T. 19, R. 5 E. of the third P. M."

The first question which arises upon the construction of the will, is as to the location of the 50 acres given to Sidney Dubson. The court below found that this tract of 50 acres should be located in the south-east corner of section 7, and in the final decree describes it as follows: "Commencing at the south-east corner of section 7, town 19 north, range 6 east, third principal meridian, thence north along the east line thereof, $22\frac{36}{100}$ chains, thence west parallel with south line of the section, $22\frac{36}{100}$ chains, thence south parallel with the

east line of said section, $22\frac{36}{100}$ chains, thence east to the place of beginning." In this respect the decree of the circuit court was unquestionably correct. The second clause of the will gives Sidney Dubson 50 acres "in the south part of section 7," and the third clause can refer to nothing else except this 50 acres, by the use of the words, "so as to leave Sidney Dubson in the south-east part of said section 7."

The next question is as to the extent of the interest which the testator intended to give to the heirs of his daughter Sarah Elizabeth Conklin, who is admitted to be the same person as Sarah Elizabeth Conkle. The proof shows that section 7 is fractional, and contains only $520\frac{58}{100}$ acres, and that the east half of the north-east quarter of the section, containing 80 acres, is owned by one Martha Keer. Hence, the testator, at the time of his death, only owned $440\frac{58}{100}$ acres in section 7, of which, after deducting the 50 acres in the south-east corner given to Mrs. Dubson, there remain $390\frac{58}{100}$ acres. How many of these $390\frac{58}{100}$ acres go to appellant, and how many to the Conkle heirs, and where shall their respective shares be located in the section?

As already stated, the will first gives 50 acres in the south-east part of the section to Sidney Dubson. It then gives, in the third clause, to the appellant, 314 acres in the south part of the section. The words, "it being in the south part of section 7," etc., refer to and qualify the 314 acres. The fourth .clause of the will gives to the Conkle heirs "245 acres, *or all of the balance of section 7,* as above described, that belongs to me," etc. The word "balance" evidently refers to what should remain of the section after taking out 50 acres for Mrs. Dubson and 314 acres for appellant. It is clear that by the use of the alternative expression, "245 acres, or all of the balance," etc., the testator had it in mind that there might not remain 245 acres in section 7 after taking out the tracts given to Mrs. Dubson and appellant. When the 314 acres devised to appellant are deducted from the $390\frac{58}{100}$ acres, there re-

main only $76\frac{58}{100}$ acres for the Conkle heirs. A tract of $76\frac{58}{100}$ acres constitutes "all of the balance of section 7," which is referred to in the fourth clause of the will.

By the terms of the will, appellant's 314 acres are "in the south part of section 7," etc., and will, of course, be south of the $76\frac{58}{100}$ acres belonging to the Conkle heirs. The latter are, therefore, entitled to the north $76\frac{58}{100}$ acres of the $440\frac{58}{100}$ acres owned by the testator in section 7. This tract of $76\frac{58}{100}$ acres is located partly in the north-west quarter and partly in the west half of the north-east quarter of the section. With the exception of the 50 acres above mentioned, appellant is entitled to all of the south half of section 7, which gives him $209\frac{87}{100}$ acres in said south half. He is also entitled to the $104\frac{18}{100}$ acres of land in the north-west quarter and west half of the north-east quarter of said section which lie immediately south of the $76\frac{58}{100}$ acres belonging to the Conkle heirs.

Some testimony has been introduced to prove oral declarations of the testator as to the extent of the interest he intended to give the children of his daughter, Mrs. Conkle. This was clearly incompetent. The intention of the testator must be determined from the language of the will.

The decree of the court below is affirmed in so far as it describes and locates the 50 acres given to Sidney Dubson. It is, however, reversed as to the description and location of the interests of appellant and the Conkle heirs, with directions to enter a decree in accordance with this opinion.

*Decree reversed in part and in part affirmed.*