JARVIS DINSMOOR

v.

ALBERT O. ROWSE.

| 200 | 555 |
|-----|-----|
| 203 | ³169 |

| 200 | 555 |
|-----|-----|
| 209 | 41 |
| 209 | ¹548 |

*Opinion filed December 16, 1902—Rehearing denied February 4, 1903.*

1. HOMESTEAD—*effect of conveyance by husband to wife of property occupied as a homestead.* If a husband conveys his homestead directly to his wife and they continue to reside upon the premises, the homestead estate remains in the grantor until his death, when the wife takes a life estate therein for the purposes of a homestead for herself and children until the youngest child is twenty-one years old, the fee in reversion vesting in the heirs.

2. SAME—*rights of purchaser of property of heir at judgment sale.* The purchaser of an undivided interest in reversion in a homestead estate at a sale under an execution against an heir of a husband who in his lifetime had conveyed such homestead to his wife, can hold such interest as against one to whom the widow conveyed the premises after the husband's death.

3. SAME—*right of a purchaser of an heir's interest in homestead to have partition.* A purchaser at the execution sale of an heir's undivided interest in reversion in the homestead estate of his deceased father is entitled to have the same partitioned subject to the dower right of the widow, where the widow has abandoned the homestead by attempting to convey the premises and deliver possession thereof to a third party, and the youngest child is twenty-one years old.

4. SAME—*when creditor of ancestor cannot reach the homestead estate of heirs.* A judgment is not a lien upon the homestead estate of the judgment debtor remaining in him after his direct conveyance of the homestead premises to his wife, and hence the judgment cred-

itor cannot, after the death of the judgment debtor, proceed by execution against the heirs to whom the reversion has passed.

5. PRACTICE—*in chancery—when cross-bill is not germane.* The defendant in a chancery suit to cancel a sheriff's deed to an heir's reversionary interest in property as a cloud, cannot, by cross-bill, bring in creditors of the ancestor of the judgment debtor and litigate in that suit the question of priority of liens on such ancestor's property.

APPEAL from the Circuit Court of Whiteside county; the Hon. FRANK D. RAMSAY, Judge, presiding.

This is a bill in chancery by appellee, against appellant, in the court below, to remove a sheriff's deed to appellant as a cloud upon complainant's title to lots 5 and 6, block 33, in Wallace's addition to Sterling, which he claimed by virtue of a conveyance from Maria A. Lane.

It is alleged in the bill that on April 17, 1889, Jonathan D. Lane was the owner of said lots, occupying them, with his wife, Maria A., as a homestead; that on July 14, 1894, he executed and delivered to his said wife a warranty deed conveying the property to her, and that thereafter the said husband and wife continued to reside upon it as their homestead until May 18, 1897, when the husband died; that thereafter his widow, Maria A., continued to occupy the property until July 12, 1900, when she sold the same and attempted to convey it to appellee, delivering to him the possession; that Jonathan D. Lane left surviving him his said widow and three children, one of the latter being Eugene D. Lane; that on October 17, 1895, a judgment was recovered against said Eugene D. by Fisher, Buell & Co., before a justice of the peace, on which an execution was duly issued and returned no property found, and thereafter, on February 5, 1899, a transcript of said judgment was filed in the office of the circuit clerk and an execution issued thereon to the sheriff of said county on May 29, 1899, who levied the same upon all the right, title and interest of said Eugene D. in the aforesaid lots, and on June 30 following, in pursuance of

the levy, sold said interest to the appellant, Jarvis Dinsmoor, to whom, on November 28, 1900, a sheriff's deed was duly executed and delivered. It is further alleged that the deed from Jonathan D. to his wife, Maria A., did not convey the homestead of the value of $1000, but the residue above that amount passed by the deed, and on the death of the husband the homestead estate descended to his heirs, subject to the right of occupancy of the widow during her life; that the judgment against Eugene D. Lane did not become a lien upon the homestead estate or any part thereof, and that the levy and sale are clouds upon the complainant's title; that on January 2, 1901, the children and heirs of Jonathan D. Lane, by deed, conveyed the homestead to the complainant. The prayer is that said sheriff's deed be canceled.

Appellant filed an answer, and also a cross-bill, in each of which he alleged that the sheriff's deed conveyed to him the reversionary remainder in fee of an undivided one-third of the said homestead which had belonged to Eugene D. Lane, having descended to him subject to his mother's right to occupy the same as a homestead, and he seeks by said cross-bill to have the dower interest of the widow, Maria A., assigned in said homestead and partition thereof made, with an accounting for rents. By the cross-bill he sets up that Marshall Field & Co., on March 28, 1895, recovered a judgment against Jonathan D. Lane before a justice of the peace, and caused a transcript thereof to be filed and execution thereon issued and returned no property found, during the lifetime of the said Jonathan D.; that said Marshall Field & Co. have given the said children and heirs of Jonathan D. Lane three months' notice of the existence of the judgment, as required by the statute, and have sued out an execution and are threatening to sell the homestead interest in said lots to satisfy said judgment; that at the time of the death of Jonathan D. his wife held the fee simple title, in trust for her husband's creditors, to cer-

tain property in Mason county, this State, and that said property so held in trust is more than sufficient to pay said judgment, and it is sought to compel Marshall Field & Co. to proceed first against the said Mason county land before resorting to the interest in the lots here in controversy.

Marshall Field & Co. answered the cross-bill, setting up their judgment against Jonathan D. Lane, and averring that in 1895 said Jonathan D. was the owner of the Mason county property; that on the faith and strength of the said ownership they extended him credit, and that for the purpose of defrauding them Lane conveyed that property to his wife. They then filed a cross-bill setting up the facts averred in their answer, and praying that the deed to the Mason county land might be set aside as fraudulent against them. The original complainant, Rowse, the widow of Jonathan D. Lane, Eugene D. Lane and the other two children and heirs, were made parties defendant, and they filed a demurrer to both of said cross bills, which was sustained and the cross-bills dismissed.

The cause was then referred to a master to report the evidence and his conclusions of law on the issues made by the original bill and answer thereto. He found and reported to the court that the sheriff's deed was illegal and void, because the premises, at the time of the levy, were exempt from levy and sale, and recommended that the deed be canceled. Objections were filed thereto, which he overruled, and on the coming in of said report the objections were renewed as exceptions, which the court overruled and entered a decree in accordance with the report. The appellant prosecutes this appeal, and assigns for error the dismissal of his cross-bill and the granting of the relief prayed in the original bill. Marshall Field & Co. assign cross-errors, in which they question the ruling of the court below in sustaining the demurrer to their cross-bill and dismissing the same.

JARVIS DINSMOOR, *pro se.*

JOHN M. CURRAN, for Marshall Field *et al.*

C. L. SHELDON, for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

The lots described in the original bill are, and were at the time of the conveyance by Jonathan D. Lane to his wife, of the value of about $4000. The homestead has never been assigned. It is agreed that that conveyance was void as to the homestead of the value of $1000 but was valid as to the excess. The homestead to the extent in value of $1000 remained in the grantor, Jonathan D. Lane, until his death, which occurred May 18, 1897, and then passed to his wife under section 2 of the statute in regard to homesteads. She took a life estate for the purposes of a homestead for herself and children until the youngest child became twenty-one years of age. She took no estate of inheritance, but the fee became vested in the heirs of Jonathan D. Lane notwithstanding her attempt to convey it to the complainant, Rowse, before assignment. (*Anderson* v. *Smith*, 159 Ill. 93; *Union Brewing Co.* v. *Meier*, 163 id. 424; *Donahoe* v. *Chicago Cricket Club*, 177 id. 351; *Lewis* v. *King*, 180 id. 259.) The estate which descended to the heirs was an estate in reversion. The undivided interest of Eugene D. was liable to execution and sale upon a judgment against him. (*Brokaw* v. *Ogle*, 170 Ill. 115.) When the widow, Maria A. Lane, attempted to convey the property to the complainant and surrender possession thereof to him, she abandoned all homestead rights therein, and the youngest child being more than twenty-one years of age, the estate in remainder became a title in fee absolute. These conclusions are fully sustained by the decisions above cited, and no good purpose would be served by repeating the reasoning upon which they are based.

An attempt is made by counsel for appellee to distinguish this case from that of *Brokaw* v. *Ogle*, *supra*, but it

is very clear that that decision is squarely in point here. Cases cited in the argument of counsel for appellee to the effect that the homestead of a deceased husband can not be sold upon petition by his administrator for the payment of debts against him, even subject to the homestead rights of the widow, are not in point.

We think the circuit court erred in sustaining the master's report and setting aside the deed of appellant.

It is also assigned for error by the appellant, Dinsmoor, that the circuit court erred in dismissing his cross-bill. In so far as that cross-bill sought a partition of the premises and the assignment of dower, we think this error well assigned. The sheriff's deed having vested in the appellant the title to an undivided one-third of the one thousand dollar interest in the lots, he clearly has the right to a partition thereof, subject to the dower rights of the widow. In so far as that cross-bill sought to bring into the case Marshall Field & Co. and compel them to enforce collection of their judgment against the Mason county lands, we think the circuit court properly sustained the demurrer. Marshall Field & Co. were not parties to the original bill, nor did it seek in any way whatever to affect their rights. It was entirely foreign to that bill for Dinsmoor to attempt to interject into that litigation rights of third parties. In other words, to that extent the cross-bill was not germane to the original bill.

For even greater reasons the cross-bill of Marshall Field & Co. was properly dismissed. Their judgment was not a lien upon the homestead of Jonathan D. Lane at the time of his death. Clearly they could not have levied upon and sold it during his lifetime, and therefore they have no right to proceed by execution against the heirs.

The judgment of the circuit court will be reversed and the cause remanded, with directions to proceed in conformity with the views here expressed.

*Reversed and remanded.*