CARL KARSTEN

*v.*

HENRY WINKELMAN *et al.*

*Opinion filed April 20, 1904—Rehearing denied June 9, 1904.*

1. HOMESTEAD—*deed not joined in by wife is void as to the homestead estate.* A deed to homestead property not joined in by the wife is void and passes no title whatever if the value of the property does not exceed $1000.

2. SAME—*when homestead property is presumed to be worth less than $1000.* If the deed to homestead property recites a consideration of $500, it will be presumed, in the absence of proof to the contrary, that the property was worth less than $1000.

3. MASTERS IN CHANCERY—*chancellor should fix fees for examining questions of law.* The master in chancery should itemize his fees and charges, and, in counties of the third class, the chancellor should fix a reasonable fee to be charged by the master for examining the questions of law and making reports.

APPEAL from the Circuit Court of Cook county; the Hon. R. S. TUTHILL, Judge, presiding.

MASTERSON & HAFT, for appellant.

JAMES FRAKE, for appellees.

Mr. JUSTICE RICKS delivered the opinion of the court:

This was a bill in chancery filed by appellees to set aside two certain deeds, one being to appellant. It appears that August Hacker, on the 15th day of March, 1890, was the owner of forty acres of land. His house and other improvements were located on the north eighteen acres of this forty, which are the premises in controversy. It was then his homestead, had been for many years, and he continued to reside there with his family up to the time of his death, which occurred February 23, 1898. On March 15, 1890, he made two deeds. One purported to convey the north eighteen acres to his wife, Johanna Maria Hacker, but she did not join in the deed.

The other purported to convey the south twenty-two acres to Wilhelmina Sauer, his only child by a former wife, his wife joining therein. There was no issue by the second wife. He died February 23, 1898, and in August, 1899, Johanna Maria Hacker deeded the homestead property in question to appellant, and in December of the same year died. On January 1, 1901, Wilhelmina Sauer, the daughter, her husband joining therein, conveyed, by quit-claim deed, these premises to appellees.

There is some question as to whether the deed to Johanna, the wife, was ever delivered, but under the view we take it is unnecessary to discuss this question. Inasmuch as the bill alleges (and the evidence sustains the allegations) that the property described in the deed was occupied by the grantor, August Hacker, and his wife, as a homestead at the time of the execution of the deed and up until the time of his death, and that the consideration named in the deed was $500, and there being no evidence in the record tending to show that the value of the land was other or greater than shown by the consideration named in the deed, it will be taken as *prima facie* evidence that the amount stated in the deed as the consideration was the real value of the premises, or that the value thereof did not exceed $1000, and unless the premises exceeded $1000 in value the deed was void. In order to show that any interest passed under the deed conveying the homestead, it was the duty of the defendant (appellant here) to make proof of the value of the premises if they exceeded $1000 in value, and having failed to do so, it was not error to find the fee in the whole of the premises in appellees. The deed from August Hacker to his wife, being for the homestead, which was of less value than $1000, was without any legal efficacy to vest her with any interest or title in the land. (*Dinsmoor* v. *Rowse*, 200 Ill. 555.) The fee, therefore, vested in the daughter, Wilhelmina Sauer, at the time of the death of August Hacker, her father, and as Johanna Ma-

ria Hacker had no interest in the fee of this property, her grantee, who is the appellant here, took no interest in the fee by her deed. *Hogue* v. *Steel*, 207 Ill. 340.

It is next argued that the master's fees are unreasonable. There were two reports made, and it appears that the master, in his first report, arbitrarily taxed his fee at $64.05, and in the second at $58.05, making a total of $122.10. There was no itemized statement of the master's fees, as required, and it appears that the fee for taking and reporting the testimony would only amount to $35.70 for both reports, leaving the sum of $68.40 for examining questions of law and making reports. This manner of making charges by the master has been condemned by this court in the recent cases of *Smyth* v. *Stoddard*, 203 Ill. 424, and *Schnadt* v. *Davis*, 185 id. 476. Besides, in this case the decree does not fix the master's fees for examining questions of law and making reports; nor is the amount, as charged, sanctioned by the chancellor, except that the decree provided that the appellant pay all costs, including the master's fees. It is the duty of the master to itemize his fees and of the chancellor to fix a just amount to be paid for examining questions of law and making reports, in counties of the third class, and having failed to do this, the decree, so far as relates to the fees of the master, will be reversed, with direction to the chancellor to find what would be a just amount for the services rendered, to be taxed as costs, and to require the master to itemize his fees and charges.

Except as to the costs of the master's fees the decree is affirmed, and as to the master's fees it is reversed and the cause remanded, with directions as above.

*Affirmed in part and remanded, with directions.*