MILLARD HOLLENBECK, Appellant, *vs.* CATHARINE ELIZA-
BETH SMITH *et al.* Appellees.

*Opinion filed December 17, 1907.*

1. WILLS—*when deed is not part of will.* A deed from hus-
band to wife, not joined in by her, conveying the homestead prem-
ises, passes to the wife only the excess in value over the $1000
homestead estate; and the fact that the deed was executed and
delivered at the same time the husband made his will, which made
no specific devise of the homestead property, does not make the
deed a part of the will so as to exclude the homestead estate from
the residuary clause.

2. SAME—*when a homestead passes under residuary devise.* A
homestead estate remaining in the grantor by reason of his attempt
to convey the homestead premises directly to his wife without hav-
ing the wife join in the deed, passes under a devise of the residue
of the testator's real estate, where the will makes no mention of
the homestead premises; and this is true notwithstanding the tes-
tator may have believed the full title to such premises had passed
to his wife under the deed.

3. SAME—*what does not show that testator intended to exclude
homestead from residuary clause.* The words "rest, residue and re-
mainder of all my real estate" include all real estate the testator
has not otherwise disposed of, and the fact that no real estate has
been otherwise disposed of by the will does not affect the question
nor show an intention to exclude therefrom homestead property
which the testator had previously conveyed to his wife under a
deed, the effect of which was to leave the homestead estate in the
testator.

4. LIMITATIONS—*when widow's possession of homestead is not
adverse to residuary devisee.* Where a husband conveys to his
wife the homestead premises by a deed in which she has not
joined, the wife takes the title in fee to the excess above the $1000
homestead estate, which remains in the husband but continues,
after his death, for the benefit of the wife as long as she continues
to reside on the premises; and hence her possession, as to such
homestead estate, is not adverse to one who has derived title there-
to under the residuary clause of the husband's will.

5. EVIDENCE—*testator's declarations are not admissible to vary
meaning of will.* Testimony by the person who wrote a will as to
what was his understanding of the testator's conversation at the
time the will was made cannot be received to vary the meaning of
the will as evidenced by the language used therein.

6. SAME—*evidence of the surrounding circumstances will not be permitted to change expressed intention.* Evidence of the circumstances surrounding the testator is admissible to aid in the interpretation of the language used, but it will not be permitted to import into the will a different intention from that expressed by the language used therein.

7. ESTOPPEL—*when failure to inventory homestead estate does not raise an estoppel.* Failure by the executor, who was also the residuary devisee under the will, to inventory, as part of the estate, the homestead remaining in the testator through the failure of his wife to join in a deed conveying the homestead premises to her, does not give rise to an estoppel which precludes him from claiming the homestead estate, under the residuary clause, after death of the widow, who occupied the homestead till her death.

APPEAL from the Circuit Court of Winnebago county; the Hon. A. H. FROST, Judge, presiding.

Henry Hollenbeck, on September 16, 1902, was the owner of lots 1 and 2, in block 27, in Robertson's addition to the town of Winnebago, in Winnebago county, which constituted his homestead, upon which he resided with his wife, Eva Hollenbeck, and also of a farm of one hundred and twenty acres in the same county. On that date he executed a deed of the homestead to his wife, who did not join in its execution. At the same time he executed a will, whereby he gave to his wife $200, to be paid to her by his executor yearly during her life, and legacies of $500 to each of three sons, $300 to each of his three daughters, and $50 to each of his two grandsons, to be paid to them within two years after his death. These were all the legacies or devises contained in the will except the following: "I give and bequeath all the rest, residue and remainder of my real estate, of every name and nature whatsoever, to my son Millard F. Hollenbeck, provided that he shall pay annually to my wife, Eva Hollenbeck, as stated in the first part of this will, the sum of $200." Millard F. Hollenbeck was named as executor. The homestead and the farm were all

the real estate owned by Henry Hollenbeck. The will and deed were executed at the same time. They were prepared by C. F. Tritle, who was a justice of the peace,—not a lawyer. The deed was taken away by Mr. Hollenbeck and delivered to Mrs. Hollenbeck, while the will was left with Mr. Tritle.

Henry Hollenbeck died in March, 1904, and his will was admitted to probate. Mrs. Hollenbeck accepted the provisions of the will in her behalf and continued to occupy the homestead and pay the taxes thereon until her death. Millard F. Hollenbeck qualified as executor, paid all the legacies, the annuity to Mrs. Hollenbeck and the debts of the estate, including a widow's award, and settled his account with the county court October 17, 1896. The only real estate inventoried was the farm. The personal estate amounted to $290.60 and the payments of the executor to $3624.80. The value of the homestead was $1500.

After the death of Mrs. Hollenbeck, in 1906, Catharine Elizabeth Smith, one of the daughters, filed a bill in the circuit court of Winnebago county for the partition of said lots 1 and 2, making defendants thereto all the legatees named in the will of Henry Hollenbeck, being all the heirs of Eva Hollenbeck as well as of Henry Hollenbeck. The bill, as amended, alleged that Henry Hollenbeck was the owner of the premises and made the deed herein above mentioned, and as a part of the same transaction made his last will; that he died leaving his widow and heirs as above set forth; that the heirs of Eva Hollenbeck were the same, and that by the death of Eva Hollenbeck said heirs became the owners of the premises by descent, either from Eva Hollenbeck or Henry Hollenbeck. Millard F. Hollenbeck answered, claiming to be the owner of the premises under the will of Henry Hollenbeck; alleging that the premises, at the date of the deed of Henry Hollenbeck, September 16, 1892, were of less value than $1000, and since Eva Hollenbeck did not join her husband in its execution the deed was

not effective to convey the title, the premises being a homestead. He also filed a cross-bill, praying that the cloud upon his title by reason of the deed from Henry Hollenbeck to Eva Hollenbeck be removed. The defendants to the cross-bill answered, alleging that the will and deed were executed at the same time and place, were parts of the same transaction, and that the deed was in the nature of a testamentary conveyance; that testator intended to give Millard F. Hollenbeck only the real estate he owned after taking out the property involved in this suit; that Millard did not inventory the premises as belonging to the estate, and by reason thereof the widow did not ask for dower but abode by the terms of the will; that by the acquiescence of all the heirs the widow held possession of the premises under the deed until her death and for more than seven years paid all taxes thereon; that should the deed be held of no effect the premises would become intestate property, and that Millard F. Hollenbeck is estopped from claiming the property. On a hearing the court dismissed the cross-bill and entered a decree of partition in accordance with the prayer of the original bill, from which Millard F. Hollenbeck has appealed to this court.

FISHER & NORTH, for appellant.

R. K. WELSH, and MARION E. GARMORY, for appellees.

Mr. JUSTICE DUNN delivered the opinion of the court:

The deed was no part of the will of Henry Hollenbeck. It was not admitted to probate as part of the will and no attempt was made to have it so admitted to probate. It could not have been probated, for the evidence fails to show that it was executed in conformity to the Statute of Wills. It did not purport to be testamentary in its character, and there is nothing in the evidence to indicate that it was intended to become operative only after the grantor's death.

It was delivered, and took effect, so far as it took effect at all, as a present conveyance of the title. The premises being a homestead, and the husband and wife not having joined in the execution and acknowledgment of the deed in accordance with the statute, it did not affect the estate of homestead. (*Dinsmoor* v. *Rowse*, 200 Ill. 555; *Karsten* v. *Winkelman*, 209 id. 547.) The excess over $1000 in value of the premises passed to the wife, but to the extent of $1000 in value the title to the premises remained in the husband unaffected by his deed, and upon his death passed by his will to his devisee, subject to the estate of homestead in his widow. (*Jespersen* v. *Mech*, 213 Ill. 488; *Venters* v. *Wickens*, 224 id. 569.) She was the owner in fee of the premises except $1000 in value thereof, and as to that $1000 in value the estate of homestead which remained in her husband continued, after his death, for her benefit so long as she continued to occupy the premises. Her possession was therefore not adverse to the devisee. He could not maintain an action against her to recover possession of the premises. The possession of land by a life tenant cannot be adverse to the remainder-man or reversioner so as to set the Statute of Limitations running against him. *Mettler* v. *Miller*, 129 Ill. 630; *Weigel* v. *Green*, 218 id. 227; *Schroeder* v. *Bozarth*, 224 id. 310.

Mr. Tritle, who wrote the deed and will, was permitted to testify, over appellant's objection, that his understanding of Mr. Hollenbeck's conversation at the time was that the house and lot were to go to Mrs. Hollenbeck, and, as he remembered, the farm was to go to appellant after certain legacies were paid. This evidence was incompetent. The testator's intention must be determined from the language of the will, and his declarations cannot be received to vary its meaning. *Kirkland* v. *Conway*, 116 Ill. 438; *Brownfield* v. *Wilson*, 78 id. 468.

It is contended by appellees that under the circumstances shown by the evidence the property included in the estate

of homestead did not pass to appellant by virtue of the language, "the rest, residue and remainder of my real estate, of every name and nature whatsoever;" that the court, placing itself in the situation of the testator, can see that in order to leave a residue or remainder the property which had been conveyed to the wife was to be taken out from the operation of the will, and that "the rest, residue and remainder" is the farm. The intention of the testator which courts will carry into effect is that expressed by the language of the will. This language will be interpreted in view of the circumstances surrounding the testator, and evidence will be received to show those circumstances, but it will not be permitted to import into the will an intention different from that expressed by its language, however clearly such different intention may be made to appear. (*Kurtz* v. *Hibner*, 55 Ill. 514; *Bishop* v. *Morgan*, 82 id. 351; *Bingel* v. *Volz*, 142 id. 214; *Williams* v. *Williams*, 189 id. 500; *Vestal* v. *Garrett*, 197 id. 398; *Engelthaler* v. *Engelthaler*, 196 id. 230.) Even if the property conveyed to the wife is to be excluded from the operation of the will, the estate of homestead had not been so conveyed. The words, "rest, residue and remainder of my real estate, of every name and nature whatsoever," include all the real estate the testator owned and had not otherwise disposed of. The fact that he had not disposed of any other real estate by his will does not affect the question. If the words apply to any of his real estate they apply to all of it. He, perhaps, believed that he no longer owned the homestead and did not intend it to pass by his will, but in fact he did own an interest in it, and by the language of the will it would pass to the devisee. The intention so expressed must be given effect.

The claim that Mrs. Hollenbeck was led to accept the provisions of the will in her behalf, instead of renouncing them, by reason of appellant's failure to inventory the homestead as part of the estate of Henry Hollenbeck, and that the appellant is therefore estopped to claim this property, is

without merit. There is no evidence to sustain the claim that she was so influenced. Moreover, she knew the condition of the title as well as appellant, and could not be misled by his action or failure to act in regard to the inventory.

The decree of the circuit court will be reversed and the cause remanded to that court, with directions to enter a decree of partition of the premises, awarding to the appellant $1000 in value of said premises and one-eighth of the remainder; to the appellees Catharine Elizabeth Smith, Sylvester Hollenbeck, John Henry Hollenbeck, Mary Esther McQuarters, Angeline Powell and Luther Hollenbeck each one-eighth of the excess above $1000 in value of said premises; and to the appellees Wallace Hollenbeck and Herbert Hollenbeck each one-sixteenth of said excess.

*Reversed and remanded, with directions.*