## Erwin Goodwin, Executor, Appellee, v. The New Church Board of Publication, Appellant.

### Gen. No. 5436.

1. WILLS—*what does not avoid bequest.* A mistake in the name or description of a legatee will not render a bequest void if the name and description used in the will as applied to the facts and circumstances proved will identify such person or corporation from all others. It is therefore competent for the claimants of a bequest to prove their corporate existence and the objects and purposes for which they were organized, the knowledge the testatrix had of them and her feelings toward and relations with them and the name or names by which she or others were accustomed to designate them; that no other corporations, associations or societies corresponded to the description given in the will at the time it was executed, her family, church and social relations, and every fact and circumstance surrounding her and the claimants that would aid the court in reaching a conclusion as to her motives and purposes in using the name in the will in question.

2. WILLS—*what not competent to establish claimant as beneficiary named in will.* If the beneficiary intended to be named by the testatrix is uncertain, testimony offered which purports merely to express the declarations, wishes or intentions of the testatrix is incompetent.

3. WILLS—*what competent to establish claimant as beneficiary named in will.* Statements of the testatrix testified to by the scrivener are competent where they are not statements of her wishes or intentions as to the disposition of the bequest, if they tend to identify the object of the bounty.

Bill to contrue will. Appeal from the Circuit Court of Kane county; the Hon. FRANK L. HOOPER, Judge, presiding. Heard in this court at the October term, 1910. Affirmed. Opinion filed March 16, 1911. *Certiorari* denied by Supreme Court (making opinion final).

**Statement by the Court.** This is a bill filed by Erwin Goodwin, executor of Kate M. Ritchey, deceased, for the purpose of obtaining a construction of her will, which was admitted to probate. The will after making certain bequests provides in the fourth item:

"If after all the above bequests have been made there is one thousand dollars left, it is my wish that it be given to the New Jerusalem Church Association, the headquarters of which are in the City of New York. If there should be any further balance I wish it to be divided among the children of my brothers and sisters, share and share alike."

The bill alleges that all prior bequests have been paid and there are ample funds to pay the bequest of $1,000, and alleges there is no association or corporation in existence known as the New Jerusalem Church Association, the headquarters of which are in the city of New York, and that the bequest is claimed by various corporations, who are made parties defendant, among them the New Church Board of Publication. The bill also alleges that the money now in the executor's possession is claimed by the children of the brothers and sisters of the testatrix for the reason that the bequest of the $1,000 is void for uncertainty. All parties interested are made parties defendant and the prayer of the bill is that the court determine to whom the bequest of $1,000 is to be paid. Summons was duly issued and returned. An affidavit showing that certain defendants are non-resident, or on due inquiry

cannot be found was filed, and notice was given by publication under the statute.

Various defendants filed answers, among them the New Church Board of Publication, which answers that it is an association of the New Jerusalem Church duly incorporated for benevolent and charitable purposes and that its headquarters are in the city of New York; that it was formed at the instance of certain members of a religious body known as the General Convention of the New Jerusalem of the United States of America, for the furtherance of religious opinion by publication and distribution of books, etc., more especially the writings of Emanuel Swedenborg; that this defendant is informed and believes it to be true that there is no association or corporation known or bearing the name of the New Jerusalem Church Association, the headquarters of which are in the city of New York, and that this defendant is the association to whom the decedent intended the legacy of $1,000 to be paid. The answer states that it is an answer and a cross bill, makes certain parties defendants, and prays that the executor be decreed to pay the legacy to it.

The Society of the New Church signified by the New Jerusalem in the city of New York, the American Swedenborg Printing and Publishing Society, the New York Association of the New Church, the Charity Fund of the New York Association, and other associations, filed answers similar to the answer of the New Church Board of Publication, each insisting that it answered the description of the beneficiary in the will. An order was made that such answers be considered also as cross bills and that the defendants thereto answer the same by a certain time. An order of default was entered against "The New Jerusalem Church Association the headquarters of which are in the city of New York." Answers were filed to the cross bills by the other defendants who appeared and replications filed to all answers. The evidence was heard in open

court and a decree was entered finding that there is no corporation or association having the name ''The New Jerusalem Church Association, the headquarters of which are in the city of New York,'' and that from the proofs adduced it is not possible to determine whom the testatrix intended as a legatee by the language of the fourth line of the will, and decreeing such bequest to be void for uncertainty, dismissing the cross bills and decreeing that the $1,000 be distributed among the nephews and nieces of the testatrix. Appeals were severally prayed by the various defendant associations belonging to the Church of the New Jerusalem, but the New Church Board of Publication is the only party that prosecutes an appeal.

CLARK SCAMMON REED, for appellant; JAMES M. GWIN, of counsel.

MARTIN & MARTIN, JOHN T. WHITE and JAMES A. BRAY, for appellees.

MR. JUSTICE THOMPSON delivered the opinion of the court.

The chancellor admitted all evidence offered by appellant on the trial, holding however that the evidence of the scrivener as to what was said by the testatrix in directing the preparation of the will, presented on behalf of appellant as tending to show who was intended by the uncertain description of the beneficiary, was not competent, but the evidence was heard subject to objection. No evidence offered by the appellee was admitted to which any objection was made. The only questions for the determination of this court are (1) whether the directions and conversations with the scrivener at the time the will was prepared are competent evidence, and (2) does the competent evidence show that the appellant is the beneficiary intended by the testatrix to receive the $1,000 legacy.

The pleadings and the proof show that there is no association or corporation in the New Church known as "The New Jerusalem Church Association, the headquarters of which are in the city of New York." There is nothing in the title "The New Jerusalem Church Association" to show whether the testatrix intended to make the gift to a society engaged in preaching, in missionary work, in building church edifices, in publishing church books and papers, or in defraying other expenses of that denomination. The proof shows that the husband of the testatrix had been a member of the New Jerusalem Church; that a preacher named Mercer had occasionally preached in the vicinity where testatrix and her husband lived, and that testatrix took a paper published under the auspices of that church; there was proof also concerning the work performed by the various religious bodies made defendant. This evidence was all competent, but none of it tends in the slightest degree to show where the testatrix intended the money to go, and was equally applicable to the nine different church associations of the New Church that were made defendants.

It was not shown that the testatrix had ever manifested any particular interest in any of these associations, or that she was familiar with the work of any of them, except as might be inferred from the fact that she took some paper published by one of them.

She was very ill when this will was prepared, and was not at her home, but in another town. The scrivener, a justice of the peace, who drew the will, testified to the conversations and directions of the testatrix as to whom she desired to have this money; that she did not have a recollection of the name of the association to which she wished it given; that if she were at home where she could see her papers she could determine the name. Under the pressure of leading questions he said it related to the publication of works concerning the New Church or Church of the New Jerusalem and that it had an advertisement in her paper. He

488    APPELLATE COURTS OF ILLINOIS.

Goodwin v. The New Church Board of Publication, 160 Ill. App. 483.

thought she said the name of the paper was "The Messenger" or "The Church Messenger" or some such paper. "It was a Christian Church paper that she had at home. Of course I know that was the name of it, but whether she told me that I couldn't say." "The place she stated it to go to in New York City was advertised in her church paper that she had at her home in Ritchey, and which I think she said was the Messenger. I won't say positive whether she said so or not, but I know that was the name of it." It was proved by another witness that there is a paper published by the Church of the New Jerusalem called either "New Jerusalem Messenger" or the "New Church Messenger." A copy of the "New Church Messenger," a title different from either testified to by the scrivener, issued June 24, 1908, was introduced in evidence. It contained an advertisement of The New Church Board of Publication, which gave the names and prices of a number of theological works relating to the teaching of Swedenborg, which had appeared from the organization of that board to the time of the hearing. It was also shown that The New Church Board of Publication is the only publishing body directly connected with the General Convention of the Church of the New Jerusalem, and that there is another association, the American Swedenborg Printing and Publishing Society, which issues publications principally confined to the writings of Swedenborg, and that it did not report to the General Convention. No proof was made as to what church paper was taken by the testatrix in her lifetime, nor any paper produced that was found in her home, neither was there any proof as to any paper she had ever subscribed for, or that any paper had ever been sent to her, but only the evidence that she told the scrivener that she had a paper in her home.

A mistake in the name or description of a legatee will not render a bequest void, if the name and description used in the will as applied to the facts and circum-

stances proved will identify such person or corporation from all others.   It was competent for the various claimants to prove their corporate existence and the objects and purposes for which they were organized, the knowledge the testatrix had of them and her feelings toward and relations with them and the name or names by which she or others were accustomed to designate them; that no other corporations, associations or societies corresponded to the description given in the will at the time it was executed; her family, church and social relations, and every fact and circumstance surrounding her and the claimants, that would aid the court in reaching a conclusion as to her motives and purposes in using the name in the will in question.   Missionary Society v. Mead, 131 Ill. 338.

While the wording of the bequest is clear, it appears that there is a latent ambiguity as to who was intended by the testatrix to take the bequest of $1,000.   There are several charitable organizations to whom the name used in the will is equally applicable.   "Where the ambiguity is latent it is created by evidence of extrinsic facts, and the same evidence is admissible to remove it.   But such evidence is not direct evidence of intention, and, if the rule in relation to the reception of parol evidence to solve latent ambiguities permitted the introduction of such evidence only, it would not require a separate discussion, as it would be synonymous with the rule that extrinsic facts are always admissible to explain the language of the will, regardless of the nature of the ambiguity whether it be patent or latent.   The principle goes much further than this. It is not to be confined to the admission of facts appertaining solely to the circumstances of the testator, and which merely tend to show the meaning of his words.   Under it evidence showing or suggesting a direct inference or intention as to the things or objects disposed of in the will including *the testator's declarations of intention uttered at the execution of the will.* and, according to *some* of the cases, *subsequently*

*thereto,* are received to assist the court in disposing of the latent ambiguity, by showing which of several persons or things answering to the description was intended by the testator. Hence it will be seen that there may be, and usually is, an essential and radical difference between the evidence which raises or creates the ambiguity i. e. proof of extrinsic circumstances of the case, and the evidence which removes or explains it and which may be declarations of the intention of the testator as well as evidence of circumstances." 2 Underhill on Wills, sec. 910. The acts and declarations of a testator in relation to the thing granted or the person intended are admissible to remove a latent ambiguity. Bradley v. Rees, 113 Ill. 327; Hoffner v. Custer, 237 Ill. 64; Brownfield v. Brownfield, 12 Pa. St. 136; Morgan v. Burrows, 45 Wis. 211; Ryerss v. Wheeler, 22 Wend. 148; Wigram on Wills, 252; Turner v. Hallowell Sav. Inst., 76 Me. 527; Vandiver v. Vandiver, 115 Ala. 328. But when such testimony is introduced it must be of facts unconnected with any general declaration or wishes expressed by the testator for the disposition of his property. If the testimony offered purports merely to express those declarations, wishes or intentions it is inadmissible. Hoffner v. Custer, *supra;* Hollenbeck v. Smith, 231 Ill. 484; Brownfield v. Wilson, 78 Ill. 467; Kirkland v. Conway, 116 Ill. 438; Peet v. Peet, 229 Ill. 341; Anderson v. Anderson, 191 Ill. 100; Weatherhead v. Baskerville, 11 How. 329. There is a difference between leaving out the subject-matter of the devise, and inserting something else by mistake, and a case in which the testator showed upon the face of the will what he had in view but imperfectly expressed it. If a latent ambiguity is raised by proof of extrinsic circumstances, evidence is admissible to explain or make certain what the testator has written to give effect to what is expressed in the will. A misnomer or misdescription of a legatee or devisee, whether a natural person or a corporation, will not invalidate the pro-

vision in which it is found, if either from the will itself or extrinsic evidence, the object of the testator's bounty can be ascertained.     Missionary Society v. Mead, *supra;* Missionary Society v. Cadwell, 69 Ill. App. 280; Leonard v. Davenport, 58 How. Pr. 384; University v. Tucker, 31 W. Va. 621; Taylor v. Tolen, 38 N. J. Eq. 91.   The statements of the testator testified to by the scrivener were statements of facts which were not statements of her wishes or intentions as to the disposition of the $1,000 bequest, but of facts unconnected with the disposition of her estate; hence we conclude they were competent evidence, as they simply tended to identify the object of her bounty.

The remaining question is, does the evidence introduced identify the appellant as the beneficiary of the bounty of the testatrix?   The evidence shows that there are two publication societies and several other associations in the City of New York, connected with the Church of the New Jerusalem, to which the evidence is equally applicable.   There is no evidence that the church paper offered in evidence, which contained the advertisement of appellant, was the paper that was at the residence of the testatrix at Ritchie and hence there is no evidence pointing to appellant as the intended beneficiary more than any of the other associations.   The evidence of the scrivener as to what he knew apart from what the testatrix said was not competent evidence for any purpose.   The entire evidence leaves it uncertain whom the testatrix intended to be the beneficiary in the will and the court properly found that the appellant could not take under the will.

It is also contended that, the bequest of $1,000 having been found by the court to be void for uncertainty, this sum became intestate estate, and the court erred in decreeing it should be divided under the residuary clause.   That is a matter that does not concern appellant, and no cross errors have been assigned by any heir at law; that question is therefore not raised for our determination.   The decree is affirmed.

*Affirmed.*