## ROMAN CATHOLIC ORPHAN ASYLUM *vs.* EMMONS.

### *In the matter of the Estate of* MARIA MOONEY, *deceased.*

THE testatrix by her will gave to the Roman Catholic Orphan Asylum in the City of New York, all future dividends of all her shares of the capital stock of " the Mechanics' Bank, so usually called in the City of New York." At the time of making the will and at her decease, she had one thousand dollars in the stock of the City Bank, but none in the Mechanics' Bank, nor had she ever owned any in the last-named institution.—*Held,* that the shares in the City Bank passed under the will to the legatees named.

Evidence of material facts is in all cases admissible in aid of the application of a will, to determine whether the words with reference to the facts admit of a plain application, and if not, then to determine whether they can be applied in any other sense of which they are capable, so as to satisfy the intention.

The present case is one of misdescription. A legacy will not be allowed to fail merely by a false description, if by rejecting the portion of the description that is false, there are words enough left in the testament to effect the testator's intention and convey the subject matter he intended to dispose of. Mis-

description is fatal when total, but if only partial, the inaccurate portion may be disregarded. The word "Mechanics," in this bequest, being rejected as inapplicable to any property ever owned by the testatrix, the bequest is left to operate upon any bank stock possessed by her, which as appears by the evidence was in fact no more in amount than the sum described in the specified legacy.

T. J. Glover, *for Legatee.*

The testatrix, by the terms of her will, bequeathed *her* shares of the Mechanics' Bank stock to the Orphan Asylum; by the use of very precise and careful directions she manifests her anxiety and earnest purpose to provide for this charity by the gift of her bank stock.

After bestowing certain *pecuniary* legacies upon various objects of her bounty, she expressly charges all the pecuniary legacies upon her real estate, and devises and bequeaths the residue of her real and personal estate to her sister.

The proof shows that she never owned any stock of the Mechanics' Bank, but she had owned stock of the City Bank ever since 1827. In 1852 the City Bank being reorganized, and the par of the stock raised to $100, by the payment of a small sum in addition to the shares then belonging to her, she became the owner of ten shares of the par value of $1000. This stock she continued to own at the time of making her will and at her death. It is in evidence that in giving her instructions for drawing her will, she contemplated a specific disposition of each portion of her property, and was chiefly anxious about her bank stock being devoted to the orphans— naming the Mechanics' Bank, it is true, but also mentioning the number of shares, or rather the par value of the whole, viz., $1000 in shares.

I. This is a specific legacy of her bank stock. The mistake in the name of the bank was a mere misdescription. Rejecting the name of the bank on the principle "*Falsa demonstratio non nocet,*" the City Bank stock passes to the legatee in fulfilment of the testatrix's manifest intention. (*Roper on Legacies,* 297.)

Vol. III.—10

II. The state of her property shows that there is no Mechanics' Bank stock to answer the description of the legacy in her will. Parol evidence is admissible to show that, and also to show that she really intended to bequeath her City Bank stock to the legatee in question (*ib. ubi supra, and cases cited*).

III. The administratrix must transfer the stock or pay its highest value since the death of the testatrix, and also account for the dividends. (*West* vs. *Wentworth*, 3 *Cow.*, 82; *Potter* vs. *Hopkins*, 25 *Wendell*, 417).

J. H. ANTHON, *for Administratrix, with the will annexed.*

I. All wills by our statute must be in writing (2 *R. S.*, 121), with some unimportant exceptions not material here, and no rule of law is more clear than that a will is not to be expounded by extrinsic evidence. (1 *Roper Law of Legacies*, 266; 1 *Jarman on Wills*, 349). And this rule holds good even when by compliance with it the testator's will may be defeated. (*Earl of Newburgh* vs. *Countess of N.*, 5 *Madd.*, 364; 1 *Jarman*, 352).

II. If parol evidence is ever admitted, it is in cases free from all doubt, and those only. The courts will not make a conjectural will. (2 *Roper on Leg.*, 401, 409; *Denn* vs. *Bagshaw*, 6 *T. R.*, 512; *Innes* vs. *Johnson*, 4 *Ves.*, 573).

III. Even the testator's declarations of intent are inadmissible to control the written words of a will or deed. (2 *Dana*, 49; *Jackson* vs. *Sill*, 11 *Johns.*, 201; 8 *Cow.*, 254; 7 *Met.*, 301).

IV. The rule operates with still greater force in the case of a specific legacy. Such a legacy can only be satisfied by a delivery of the identical subject—and if it be not found among

the testator's effects, the legacy fails altogether. (*Toller on Ex'rs*, 301; *Dayton on Surrogates*, 140). "Again, if there be a specific bequest of a thing described as already in existence, and no such thing ever did exist among the testator's effects, the legacy fails."

V. If the description of a thing devised be wholly inapplicable to the thing intended, parol evidence to explain it cannot be received. (1 *Greenleaf Ev.* §§. 290, 380; *Doe* vs. *Needs*, 2 *Mee. & W.*, 129; 3 *Met.*, 423; 2 *Rop.*, 398; *Jackson* vs. *Sill*, 11 *Johns.*, 201).

A legacy of bank stock is a specific legacy. (*Walton* vs. *Walton*, 7 *John. Ch.*, 258; *Gardner* vs. *Printup*, 2 *Barb.*, 83).

VI. The rule of construction as to such legacies of stock is thus stated : "On the same principle, if a testator bequeaths all the stock of a particular denomination of which he may be possessed at the time of his decease, no argument is supplied for extending the bequest to stock of any other denomination by the circumstance that the testator had at the time of making the will, no stock answering to the description." (1 *Jarman*, 366; *Dayton on Surr.*, 152).

VII. As to the City Bank stock, the decedent died intestate. (*Case of Hill*, 1 *Bradford's Rep.*, 360).

The intention of the testatrix is at best a mere vague conjecture. The will presents no such ambiguity as to be explained by parol testimony, and to admit it would be to repeal the statute requiring wills to be in writing, and substitute the suppositions, more or less plausible, of witnesses to a written will of the testator.

THE SURROGATE.—The testatrix made the following bequest in her will : "First, I give to the Roman Catholic Orphan Asylum, in the city of New York, all future dividends and

income of all my shares of the capital stock of the Mechanics' Bank, so usually called, in the city of New York. I am advised that this operates as a gift of the shares themselves to said Asylum, and such in effect is my intention; but I would hope that from the form of the gift, the legatees would continue the fund invested either where it now is or elsewhere, as part of their productive estate, and endeavor to get along with the disbursement of the income only:—and I would further also hope, that they would employ the Ladies' Association, auxiliary to them, whose treasurer I have been, and am now, to disburse said income for said legatees in the charitable purposes of their incorporation, in the manner the Ladies' Association have heretofore disbursed for the same charitable purposes the moneys the Ladies' Association have themselves raised. But the expression of these hopes are not to form part of the gift, and they are not to be obligatory on the legatees."

At the time of the making of the will, and at her decease, the testatrix had one thousand dollars in the stock of the City Bank, but none in the Mechanics' Bank, nor had she ever owned any interest in the last-named corporation.

Evidence of material facts is in all cases admissible in aid of the exposition of a will; to determine whether the words with reference to the facts, admit of a plain application, and if not, then to determine whether the words can be applied in any other sense of which they are capable, so as to satisfy the intention. In other words, a court of construction may, by means of extrinsic evidence, place itself in the situation of the testator, in view of all the facts existing at the time of making the will, so as to judge of his intention as expressed on the face of the instrument. The necessity for construction in the present case arises out of the fact, that the testatrix had no bank stock answering the description, nor any other stock than the shares in the City Bank. I do not deem it necessary to inquire whether the difficulty is one of that class which permits parol proof of the declaration of the testator's intention outside of the will—the evidence which has been

taken not throwing any light on that point. The testatrix stated to her counsel when he drew the will, just as precisely as the will states, that the subject matter of the gift was Mechanics' Bank stock. Evidence to prove intention by parol declaration, is entirely different from evidence to explain the application of the will. The latter kind is always admissible, the executor seeks it when discharging the bequests of the will, and the courts demand it when the description of the subject or of the donee is to be applied. There is no ambiguity on the face of this will, nor does any appear when the facts are explained. It is not a case of ambiguity at all, but one of misdescription. It is apparent the testatrix designed to give all her shares in some bank or other. The clause containing the gift is precise and particular, the detail showing thought and deliberation. If she had possessed shares in several banks, there would have been difficulty in the application, which possibly might not have admitted of express parol proof of intention. But having shares in only one bank, the rejection of part of the description makes the bequest applicable only to those shares. As the will stands, the language is not sensible with reference to extrinsic circumstances—nothing will pass by it; it can have no operation. Shall the intention of the testatrix fail? It was the rule of the civil law, that a legacy should not perish by reason of a false description—*falsâ demonstratione legatum non perimi.* The statute of wills prevents the entire adoption of this maxim, when it is necessary to insert something in the will in order to save the bequest; but still, if there are words in the will to enable the court to give effect to what must be supposed to be the testator's intention, then the maxim *falsa demonstratio non nocet,* applies, enough appearing upon the will to sustain the bequest after the false description is rejected. Misdescription is fatal when it is total, but if only partial, the inaccurate portion may be disregarded. The principle is thus stated: "an averment to take away any surplusage is good, but not to increase that which is defective." In *Day* v. *Trig,* 1 *P. Wms.* 286, there was a devise of " all the testator's

freehold houses in Aldersgate-street," and he had only *lease-hold* houses there. The devise was held to pass the houses, the word "*freehold*" being rejected. In *Selwood* v. *Mildmay*, 3 *Vesey*, 306, the testator bequeathed to his wife part of his stock in the 4 per cent. annuities of the Bank of England. When the will was made, he had sold out these annuities and invested the proceeds in long annuities; and it was held that the legacy was in substance one of stock, and as none could be found except the long annuities, they should pass. The error of the testator, says Swinburne, in the proper name of the thing bequeathed, doth not hurt the solidity of the legacy, so that the body or substance of the thing bequeathed is certain. (*Pt.* 7, § 5, *fol.* 7). In *Door* v. *Geary*, 1 *Ves. Sen.* 255, the deceased left his wife £700, East India Stock having none, but he owned £700 Bank Stock. Lord Hardwicke decided that the latter should go to the widow, rejecting the words "East India;" saying, "it was no greater mistake than the devise of a black horse, the testator having only a white one—where the word "black" shall be "rejected." It would be easy to multiply authorities sustaining this point; (*See cases cited in* 1 *Jarman*, 364; *Wms. on Exect'rs*, *p.* 1033; *Roper on Legacies*, *p.* 297); but it seems unnecessary, beyond the testimony of a writer who has treated this subject with wonderful precision. Sir James Wigram lays down the rule thus : "So a description though false in part, may with reference to extrinsic circumstances be absolutely certain, or at least sufficiently so to enable a court to identify the subject intended; as where a false description is superadded to one which by itself would have been correct. Thus, if a testator devise his black horse, having only a white one; or devise his freehold houses, having only leasehold houses, the white horse in the one case, and the leasehold houses in the other, would clearly pass. In these cases the substance of the subject intended is certain, and *if there be but one such substance*, the superadded description, though false, *introduces no ambiguity;* and as by the supposition, *the rejected words are inapplicable to any subject*, the court

does not alter, vary, or add to the effect of the will by rejecting them." ( *Wigram on Extrinsic Ev. p.* 53.) In the present case, the word " Mechanics' " must be rejected, as inapplicable to any property ever owned by the testatrix ; and that leaves the bequest to operate upon any bank stock possessed by her, and so it will pass the shares in the City Bank. There must be a decree accordingly.