# SUPREME COURT.

FRANCIS K. LEONARD *et al.* agt. LEONARD C. DAVENPORT, as surviving executor of the last will and testament of JAMES L. LEONARD, deceased, THE AMERICAN HOME MISSIONARY SOCIETY, THE BOARD OF HOME MISSIONS OF THE PRESBYTERIAN CHURCH IN THE UNITED STATES OF AMERICA.

*Will — construction of — bequests to unincorporated societies — misnomer or misdescription of a legatee or devisee — parol evidence allowable to identify — Costs.*

Where a clause in the testator's will read as follows : " Ninth, I give and bequeath to the American Bible Society, the American Board of Commissions of Foreign Missions and the Home Missionary Society, the sum of $1,000 each:"

*Held,* 1st, that the Home Missionary Society, being an unincorporated society at the time of the making of the will and at the death of the testator, was not capable of taking the bequest in question :

*Held,* 2d, that the statutes of 1849, and any amendments thereof, relating to joint-stock associations and suits against them, does not aid the defendant (*Following McKeon* agt. *Kearney,* 57 *How.*, 350).

A misnomer or misdescription of a legatee or devisee, whether a natural person or a corporation, will not invalidate the provision if, either from the will itself or evidence *aliunde*, the object of the testator's bounty can be ascertained.

To identify a particular corporation as the one intended, where a name other than the corporate name is used, parol evidence is allowable to aid in determining the intention of the testator in the use of the words in the bequest.

In an action for the construction of a will the costs are in the discretion of the court.

*Lewis Special Term, July,* 1877.

*Henry E. Turner,* for plaintiff.

*L. C. Davenport,* in person.

*Howard P. Wilds,* for the American Home Missionary Society.

*L. J. Dowin,* for the Board of Home Missions of the Presbyterian Church of the United States of America.

HARDIN, *J.*— James L. Leonard died January 26, 1867, leaving a last will and testament. The defendant, L. C. Davenport, is the surviving executor of said will. The will was admitted to probate in the surrogate's court of Lewis county and letters testamentary issued to the executors named.

The controversy in this case arises over a clause in the will of Mr. Leonard, which reads as follows:

"Ninth. I give and bequeath to the American Bible Society, the American Board of Commissioners of Foreign Missions and the Home Missionary Society, the sum of one thousand dollars each."

The sum of $1,000, given to the Home Missionary Society, is the subject of this action.

It is claimed by the plaintiffs, as residuary legatees; they insisting the bequest is indefinite and invalid, and the executor

Leonard *et al.* agt. Davenport.

seems to favor that view, or to remain in doubt and neutral as to it until the questions in respect to it are settled by this court, and directions given for the payment of it and the interest accumulated thereon.

The other defendants, respectively, lay claim to it.

The defendant, the American Home Missionary Society, was not incorporated until February 6, 1871, when an act of the legislature was passed for such purpose.

Prior to that and for many years there was, and had been, a voluntary association of divers and sundry persons in the city of New York for missionary purposes and work, but not incorporated, under the style of the American Home Missionary Society.

The defendant, the Board of Home Missions of the Presbyterian Church in the United States of America, was incorporated, or the name changed of the corporation, by an act of the legislature, passed April 19, 1872, and claims to be the successors and assignees of all the property, rights and equities of the Presbyterian Committee of Home Missions which was incorporated by an act of April 18, 1862, chapter 340, page 548.

This society was the only incorporated one in existence at the making and publishing of the testator's will in 1867.

The learned counsel for the Home Missionary Society has submitted an ingenious and learned argument in its behalf; but I cannot assent to the conclusions thereof.

I am not at liberty to hold that an unincorporated society, at the time of the making of the will, or the death of the testator, was intended or was capable of taking the bequest in question; nor can I find any aid for the defendant in the statutes of 1849, and any amendments thereof relating to joint-stock associations and suits againt them (*Laws of* 1849, *chap.* 258; *Laws of* 1853, *chap.* 153, *p.* 283; *Laws of* 1854, *chap.* 245; *Laws of* 1867, *chap.* 280; 1 *R. S.*, 599).

The question is passed upon in two cases which I must follow (*Buts* agt. *Buts*, 4 *Abbott's New Cases*, 317; *McKeon*

agt. *Kearney*, 57 *How.*, 349 *and the cases cited in the opinions in those cases*).

Having reached the conclusion that the defendant, "The American Home Missionary Society," cannot take and have the bequest, it now becomes important to inquire whether the defendant, " The Board of Home Missions of the Presbyterian Church in the United States of America," was intended by the testator and was capable of and did take the bequest in question.

1st. Was the latter-named defendant intended?

2d. Is the misdescription such as to defeat any intention of the testator toward that society?

3d. Is the bequest void for indefiniteness in the language used by the testator in his will and, therefore, void?

In respect to the first question, the facts and circumstances surrounding the testator, his expressed views and intents must be considered (*Lefever* agt. *Lefever*, 59 *N. Y.*, 434), and it is allowable to take parol evidence to aid in determining the intention of the testator in the use of the words found in the bequest under consideration (3 *Bradford*, 144; 2 *Williams' Ex.*, 1037 *and* 1038; *Wigram* [2 *Am. ed., page* 174], 104).

Therefore, the parol evidence offered at the trial must be received and considered; from such evidence it is apparent that the testator was an active, zealous and devout member of the Presbyterian church at Lowville; that he was in the habit of contributing liberally to the support of the church and the charitable societies fostered by it; that he knew of the Presbyterian Committee of Home Missions is inferable from the evidence received, as collections were taken in the church for its benefit at Lowville and the contributions were transmitted to the society in New York. In 1862 Dr. Stone was connected with the Board of Home Missions, as district secretary, and he was about the country presenting its claims in Presbyterian churches.

In August, 1862, he preached in the Lowville Presbyterian church and Mr. Leonard was among his auditors and heard

Leonard *et al.* agt. Davenport.

the "missionary" sermon and, on the following Monday, the preacher and member had a conversation upon the subject of the discourse the day before. Mr. Leonard then spoke kindly of the effort and of the purposes of the society and assured the preacher that he could not then but would, subsequently, do some thing to aid the cause represented by the preacher.

After that conversation he made the will and had the bequest in question incorporated into it.

It is a reasonable inference from all the evidence and circumstances disclosed that the testator intended the legacy in the ninth clause of his will to pass to the society represented by Mr. Stone.

This view is fortified by the absence of any evidence to show any other corporation answering to the words, the Home Missionary Society (*Beasler* agt. *McCall's Devisees*, 15 *Conn.*, 273).

The views above expressed lead to the conclusion that defendant, "The Board of Home Missions of the Presbyterian Church of the United States of America," as the successor of the Presbyterian Board of Home Missions, formerly the Presbyterian Committee of Home Missions, is entitled to the bequest under consideration.

As in the case of *Lefever* agt. *Lefever* (2 *T. & Cook*, 330 *and* 59 *N. Y.*, 434), this case is for the construction of the deceased's will and as it was held in that case that the costs were in the discretion of the court, so it must be held in this case (*See opinion of* ALLEN, J., 59 *N. Y.*, 447).

There must be a decree adjudging that the defendant, The Board of Home Missions of the Presbyterian Church of the United States of America, is entitled to the fund in the hands of the executor, to wit : $1,000 with accumulations of interest thereon from February 13, 1868 ; after deducting therefrom the costs hereinafter allowed, viz. : The plaintiffs may have a clause in the decree awarding these taxable costs. (2) The defendant, The American Home Missionary Society, may have

a clause awarding taxable costs and seventy-five dollars additional allowance, (3) and the executor may have a trial fee of thirty dollars and his taxable disbursements, and the defendant, The Board of Home Missions of the Presbyterian Church of the United States, will be required to pay out of said balance of said fund its taxable costs and seventy-five dollars additional allowance. Judgment is directed in accordance with the foregoing opinion, and either party may serve a copy of this opinion, with proposed findings, and the same and the decree may be settled by and before me upon ten days' notice after service of the copy of the opinion.