## Matter of the Estate of MARY E. BROWN, Deceased.

Surrogate's Court, New York County, March, 1922.

**Legacies — construction of will — bequest of liberty bonds.**

Testatrix by a codicil to her will bequeathed to one described in both instruments as " my friend," in addition to a bequest to her by the will, " all my Ten thousand dollars Liberty Bonds." Although testatrix had no such bonds at her death, she was the owner of twenty $1,000 liberty bonds. *Held,* that the additional bequest was a specific one of $10,000 par value of liberty bonds and that the delivery of ten $1,000 bonds by the successor executor to the legatee was proper.

The rule that blood relatives are to be preferred to strangers in construing a will has no application here, and the objections of the residuary legatees, nieces of the testatrix, to such construction will be dismissed.

PROCEEDING to construe a will.

*Cullen & Dykman,* for trustee.

*Bernard L. Shientag,* special guardian, for infants.

*John L. Feeny,* for executor.

COHALAN, S. This is an application for a construction of the will of the above-named testatrix, submitted to the court upon an agreed statement of facts. The 3d paragraph of the codicil gives a bequest as follows:

" *Third:* I give and bequeath to my kind friend Margaret R. Dierkes, in addition to the bequest made to her in my will, all my Ten thousand dollars Liberty Bonds."

The deceased did not own at the time of her death any liberty bonds of the denomination of $10,000, although such bonds were authorized and issued by the United States government. She did own twenty $1,000 liberty bonds. The executor delivered ten bonds of the denomination of $1,000 to Margaret R. Dierkes in satisfaction of this bequest and objection to such payment is made by the residuary legatees, on the ground that the legacy in the 3d paragraph of the codicil is a legacy of liberty bonds of the denomination of $10,000 each, and as there were no such bonds such payment by the executor was unauthorized. The residuary legatees are Mary E. Young, Gladys S. Young and Eloise S. Young, who are nieces of the testatrix. The legacy of the residuary to them by the 10th paragraph of the will reads in part as follows:

" Notwithstanding the unfriendliness of the children of my late brother, James Young, I give, devise and bequeath all the rest, residue and remainder of my estate, real and personal, of whatsoever kind and wheresoever situated, unto my trustee hereinafter named in trust."

The trustee was then directed to divide the principal into three parts for the benefit of each of these three infant nieces aforementioned. Margaret R. Dierkes, described by the testatrix in both the will and the codicil as " my friend," is given in the will a legacy of 250 shares of Cambria Steel Company stock, which is valued at $31,250. The total estate left by the testatrix is $169,140.99. The residuary estate will amount to approximately $12,000. Margaret R. Dierkes receives the largest legacy in the will.

The proper construction of this will appears to be that the bequest to Mrs. Dierkes was a specific one of $10,000 par value of liberty bonds and that the delivery by the executor of ten bonds of the denomination of $1,000 each was proper. The objection should, therefore, be dismissed.

The language does not limit the gift to one liberty bond of the denomination of $10,000. She had no $10,000 bonds. She had, however, twenty $1,000 bonds, and, taking the will and codicil together, it appears that by the words " All my Ten thousand dollars Liberty Bonds " she meant liberty bonds to the extent of $10,000, for it is apparent that she intended to give her friend Mrs. Dierkes $10,000 worth of those bonds by the codicil. She favored her to the exclusion of these nieces, who would take this $10,000 as residuary legatees if any other construction were adopted. The rule in construing wills, that blood relatives are to be preferred to strangers, has no application to this case, because the testatrix has by the terms of her will expressed her own preference.

The will is construed accordingly. Objections dismissed. Submit decree settling the account accordingly.

Decreed accordingly.