In the Matter of the Estate of NEWMAN A. GOLDSTEIN, Deceased.

Fourth Department, January 16, 1975.

*Sbarbati & Sax* (*Bernard J. Sax* of counsel), for James O. Berry, appellant.

*Boniello, Gellman, Anton, Brydges & Conti* (*Richard J. Schroff* of counsel), for Gertrude J. Clor, appellant.

*George M. Donohue* for Manufacturers & Traders Trust Co., respondent.

*Edward L. Smith* (*Philip S. Gellman* of counsel), guardian ad litem for Carl Kopke, respondent.

GOLDMAN, J. This appeal involves the construction of a paragraph of a will which contains a devise of property described by street name only. The testator did not in fact own real property on the named street although he was the owner of other

450

real property. The Surrogate held that the misdescription invalidated the paragraph, that the attempted devise was "a lapsed legacy" and that the real property owned by the testator "shall pass by virtue of paragraph 'EIGHTEEN' to the residual legatees".

The testator had no wife, children or siblings. During his lifetime he operated an outdoor advertising business of which he was the sole stockholder. The principal part of the business was sold in 1968 but he continued the corporate existence of the business so that two longtime employees would have "a place to go". These employees are the appellants Berry and Clor who were officers of the corporation and had been employed continuously since 1925 and 1947 respectively. In addition to the attempted devise in paragraph FIFTH, the testator specifically bequeathed $60,000 to appellant Berry and $50,000 to appellant Clor.

These construction proceedings involve paragraph FIFTH which provides: "I hereby specifically devise to JAMES O. BERRY and MRS. GERTRUDE CLOR the real property owned by me on the west side of Third Street in the City of Niagara Falls, New York, together with the direction that the devisees sell the same within one (1) year after my death." The testator did not own any real property on Third Street, although he resided in an apartment which he did not own on the west side of Third Street. The only real property of any substance owned by the testator was the property on which the business was operated and that property was on the east side of Sixth Street.

The attorney who drafted the will testified that he was directed by the testator to include in paragraph FIFTH the direction that the devised property was to be sold within one year because he had promised a Mr. Garfield of the Board of Education that "he would have first buy on it for whatever it is appraised to be worth". The Board of Education owned property on both sides of the testator's Sixth Street property and actually shared a common wall on one side of testator's corporation building.

It is fundamental that in judicial construction of a will we search for the intention of the testator (*Matter of Kosek,* 31 N Y 2d 475). "This intent, as we have often said, must be gleaned not from a single word or phrase but from a sympathetic reading of the will as an entirety and in view of all the facts and circumstances under which the provisions of the will were framed" (*Matter of Fabbri,* 2 N Y 2d 236, 240). The intent is best found in the clear and unambiguous language of the instrument itself (*Matter of Bisconti,* 306 N. Y. 442, 445). Here

the language lacks clarity and we must look to extrinsic evidence to find the testator's intention in his reference to the Third Street property.

Respondent argues in substance that there is no ambiguity, that we cannot look to extrinsic evidence and that even if we do, the evidence offered by appellants is insufficient to devise the Sixth Street property under paragraph FIFTH. With this we cannot agree. Since the days of Chancellor KENT it has been held that extrinsic evidence may be admitted to supply or contradict, enlarge or vary the words of a will and to explain the intention of the testator '' where there is a latent ambiguity, arising *dehors* the will, as to the person or subject meant to be described '' (*Mann* v. *Mann,* 1 Johns. Ch. 231, 234; *Brown* v. *Quintard,* 177 N. Y. 75).

Here we are dealing with an obvious misdescription. The testator owned no real property on Third Street. Paragraph FIFTH, therefore, clearly contains a latent ambiguity which cannot be resolved without resort to extrinsic evidence. It was early recognized that '' if it is an obvious mistake, [the court] will read it as if corrected. The ambiguity in the latter case consists in the repugnancy between the manifest intent of the will and the misdescription of the donee or the subject of the gift. In such a case evidence is always admissible to show * * * the circumstances by which he was surrounded at the time of the making of his will.'' (*Patch* v. *White,* 117 U. S. 210, 217.)

There are innumerable cases in this State which demonstrate the reluctance of courts to permit a misdescription to frustrate the testator's intention. Where there is an obvious latent ambiguity, as in the instant case, courts have employed the doctrine of *falsa demonstratione legatum non perimi*—i.e., that a court will not allow an erroneous description to nullify a legacy (*Roman Catholic Orphan Asylum* v. *Emmons,* 3 Bradf. 144, 149). Some examples of the application of this rule are: *Gallagher* v. *Quinlan* (10 App. Div. 402) [testator devised '' No. 97 Oakland St.'' but owned No. 79]; *Govin* v. *Metz* (79 Hun 461) [testator devised '' 204 Lexington avenue '' but owned 738 Lexington avenue]; *Matter of Nelson* (140 N. Y. S. 2d 619) [testator devised '' my residence at Katonah '' but did own property on Katonah Lake]; *Matter of Hulse* (190 Misc. 6) [testator devised '' my home and the property * * * situated in Village of *Unionville* '' but it was actually situated in Village of Westtown]; *Matter of Murphy* (67 N. Y. S. 2d 641) [testator devised premises '' known as number 882 Pacific Street'' but owned number 883]; *Matter of Hewson* (8 N. Y. S.

2d 323) [testator devised "the vacant lot on the south-east corner of Rosary Avenue and McKinley Parkway" but owned a lot fronting only on McKinley Parkway]; *Matter of Walsh* (135 Misc. 588) [testatrix devised "my lots at Long Beach #59–61, on block 59" but owned only lots Nos. 60 and 61]. See, also, *Patch* v. *White* (117 U. S. 210, *supra*, [testator devised "lot numbered 6, in square 403" but owned lot number 3, in square 406]. Other cases asserting the same principle where the misdescription related to personal property are: *Matter of Cartledge* (118 Misc. 131, affd. 203 App. Div. 899, affd. 236 N. Y. 515); *Matter of Brown* (118 Misc. 300, affd. 204 App. Div. 864); *Matter of Salvino* (17 Misc 2d 112); *Matter of Wyler* (202 Misc. 1035); *Matter of Dibble* (176 Misc. 897); *Matter of Blasius* (134 Misc. 753).

The above-cited cases follow the long-held rule of construction that courts will strive, wherever possible, to give effect to every part of a will. "When the testatrix' intention is manifest from the context of the will and surrounding circumstances but is endangered and obscured * * * by inept and inaccurate modes of expression, the court, to effectuate the intention, may change or mold the language. (*Dreyer* v. *Reisman*, 202 N. Y. 476; *Eidt* v. *Eidt*, 203 N. Y. 325; *Matter of Gallien*, 247 N. Y. 195; *Matter of Jackson*, 258 N. Y. 281.)" (*Matter of Birdsell*, 271 App. Div. 90, 93–94, affd. 296 N. Y. 840.)

A sufficient showing has been made from the extrinsic evidence in the instant case to construe paragraph FIFTH as indicating the testator's intent to devise the property on the east side of Sixth Street to the appellants. The relationship of appellants to the testator over a long period of years, the legacy of substantial sums of money to appellants which evidenced the testator's affection for them and his desire to reward them for years of faithful service, the provision for sale within one year so that the property could be purchased by the Board of Education whose property surrounds testator's and to whom testator had promised first opportunity to purchase — all of the extrinsic evidence requires a construction correcting the misdescription.

Decree should be reversed and paragraph FIFTH should be construed as a devise of real property located at 551–556 Sixth Street, Niagara Falls, N. Y.

MARSH, P. J., WITMER, SIMONS and MAHONEY, JJ., concur.

Decree unanimously reversed on the law and facts and devise sustained, with costs payable out of the estate to all parties appearing and filing briefs.