CAROLANN REICH, Ex'rx of the Estate of Daro C. Gregson, Deceased, Plaintiff-Appellant, Cross-Appellee, *v.* W. F. HALL PRINTING COMPANY, Defendant-Appellee.—(EDWARD DeGRAFF, Intervenor-Appellee, Cross-Appellant.)

Second District   No. 75-398

Opinion filed March 16, 1977.

Donald J. Mock, of Itasca, for appellant.

David R. Williamson, of Dixon, for appellee Edward DeGraff.

Mr. JUSTICE SEIDENFELD delivered the opinion of the court:
The executor of the estate of Daro C. Gregson, deceased, by a citation

petition (Ill. Rev. Stat. 1973, ch. 3, pars. 183-185) filed in the Circuit Court of Du Page County, Probate Division, sought to recover retirement benefits which had accrued as a result of Gregson's employment with the W. F. Hall Printing Company, defendant. Edward DeGraff, who claimed that he was the named beneficiary of Daro C. Gregson under the employees retirement plan, was permitted to intervene.

The intervenor moved to dismiss the proceedings claiming that the court had no jurisdiction to hear the matter because the assets were nonprobate assets, citing sections 601 and 602 of the Probate Act (Ill. Rev. Stat. 1973, ch. 3, pars. 601, 602). Without ruling on the objection, but apparently without objection by the intervenor, the court conducted an evidentiary hearing pursuant to the citation. On April 22, 1975, the court entered an order that the pension annuity payments under the W. F. Hall Printing Company retirement plan fund be paid to the executor of the estate of Daro C. Gregson. The intervenor filed a post-trial motion again raising the question of jurisdiction. The judge, persuaded that he had no jurisdiction to hear the motion in the citation proceedings, vacated his previous order and dismissed the petition by order dated June 13, 1975. The executor appeals from the June 13 order. The intervenor cross-appeals seeking judgment in his favor rather than a dismissal of the citation proceedings.

We conclude that the trial judge possessed the authority to hear and decide in the citation proceedings the question whether the estate or the intervenor was entitled to the pension fund accruals.

The contention of the intervenor that the trial court lacked jurisdiction to adjudicate the title to the company pension plan, a nonprobate asset, is founded on his reading of the provisions of the act concerning the rights of a person entitled to succeed upon the death of another person to an interest in certain third-party beneficiary contracts and assignments. (Ill. Rev. Stat. 1973, ch. 3, pars. 601, 602.) Section 601 provides as pertinent:

"[T]he designation under a pension, retirement, * * * contract, plan, system or trust, of any person to be a beneficiary, payee or owner of any right, title or interest thereunder upon the death of another, or any assignment of rights under any of the foregoing, shall not be subject to or defeated or impaired by any statute or rule of law governing the transfer of property by will, gift or intestacy, even though such designation or assignment is revocable or the rights of such beneficiary, payee or owner or assignee are otherwise subject to defeasance."

Section 602 provides as pertinent:

" * * * This act shall not be deemed to create any implication of invalidity as to any designation, of the nature herein described,

made by any person who dies before said date or as to any declaration, agreement or contract for the payment of money or other transfer of property at death not specifically described herein."

■■ However, citation proceedings are authorized under section 183 *et seq.* of the Probate Act (now Ill. Rev. Stat. 1975, ch. 3, pars. 16—1 *et seq.*). Citation proceedings under the Probate Act are a procedure for litigating controversies in which the estate seeks to recover assets and do not involve any substantive provisions relating to the transfer of property. They may be either in the nature of discovery or adversary proceedings, here undertaken, which may determine all questions relating to the right to property of any kind in which the estate may claim an interest. (*In re Estate of Garrett*, 81 Ill. App. 2d 141, 146-47 (1967).) The title to nontestamentary assets has often been litigated through citation proceedings. (See, *e.g., In re Estate of Baxter*, 56 Ill. 2d 223 (1974); *Montgomery v. Michaels*, 54 Ill. 2d 532 (1973); *In re Estate of Wright*, 17 Ill. App. 3d 894 (1974).) Sections 601 and 602 are merely legislative assurances that certain transfers which take effect at death based on contract, gift or trust will not be deemed invalid even though the statutory requirements for wills and other testamentary dispositions are not met. See Zartman, *An Illinois Critique of the Uniform Probate Code*, 1970 U. Ill. L.F. 413, 463.

■■■ The merits of the claim to a nontestamentary asset litigated in citation proceedings are therefore not controlled by any provision of the Probate Act which specifies the manner in which testamentary assets may be transferred or assigned. However, the citation proceedings provided a proper forum to conduct an evidentiary hearing to determine whether the estate or the intervenor had the right to testamentary pension plan benefits accrued by the decedent. The trial court therefore erred in concluding that it did not have jurisdiction to hear the controversy. The order entered to that effect on June 13, 1975, which vacated the previous judgment entered on April 22, 1975, is reversed.

We then must decide whether either the estate or the intervenor is entitled to judgment on the merits of the controversy.

The decedent was enrolled in the W. F. Hall Printing Company Retirement Plan for salaried employees on November 9, 1945. This was evidenced by the face of a card produced from the company's files:[1]

---

[1] Portions of the writings on the card are stated in the record to be in black ink, other portions in blue ink and some in pencil. The original card was withdrawn by leave of court and we have before us a black and white photocopy.

**EMPLOYEES RETIREMENT PLAN**

Dep. 24 #1-2₂
2-4-75

Employer CENTRAL TYPESETTING & ELECTROTYPING Co. ☒ Male ☐ Married
Employee DARO C. GREGSON ☐ Female ☒ Single
Employee's Home Address 4251 Irving Park Rd 2600k St 91
Employee's Date of Birth JUNE 28 1905
                            Month      Day      Year
Date of Employment SEPTEMBER 29 1930
                      Month      Day      Year
Present Position PRODUCTION CLERK
Present Fixed Salary $ 47 50 per month / per week
Length of Continuous Service prior to Jan. 1, 1945 14 years 4 months
"Basic Monthly Salary" (for period prior to Jan. 1, 1945) $ 167.75 per month
Effective date of application NOVEMBER 14 1945
Beneficiary Cora L Gregson Edward M McNeill
Beneficiary's Home Address 6147 Harrison St Kansas Cnn Mo
Relationship of Beneficiary Mother Friend

I represent and warrant that the foregoing facts are accurate and true.

Dated: NOVEMBER 9 194 5 Daro C Gregson
                                    Signature of Employee
                    (over) Resp 1-30 4-17-75

And the reverse side:

**EMPLOYEES RETIREMENT PLAN**

**ACCEPTANCE CARD**

12-3-56

I hereby acknowledge the receipt of copies of the Employees Retirement Plan, adopted on March 31, 1945, by the Boards of Directors of the W. F. Hall Printing Company, the Central Typesetting and Electrotyping Company, the Art Color Printing Company and the Chicago Rotoprint Company and of the Trust Indenture therein referred to, and I hereby accept and approve the terms and provisions of said Plan and Trust Indenture and agree to be bound by the terms and provisions thereof including any amendments thereof which may be made from time to time. I hereby agree to contribute and pay into the Trust Fund 5% of my fixed salary upon each payment of salary so long as I participate in the Plan, and I hereby authorize my Employer to withhold and deduct from each payment of my salary the amount of my contribution, the amount so withheld and deducted to be paid into the Trust Fund on my behalf, such contributions to begin as of Nov. 14 1945.

I hereby designate Mrs. Cora Gregson Edward M. my Mother as my beneficiary, to whom my interest in the Trust Fund shall be paid, subject to the terms and provisions of the Plan, in case of my death. I hereby reserve the right to change the beneficiary by written notice given in such manner as may be prescribed by the Retirement Plan Committee.

Dated: November 9 194 5 Daro C Gregson
                                    Signature of Employee

(over)

Gregson died on June 11, 1974. There was actuarial evidence that the beneficiary was to receive payments of $449.62 per month beginning on July 1, 1974, to June 1, 1984. The calculation was made under the retirement plan as amended effective March 1, 1972. Under that plan if

the designated beneficiary is not alive at the time of the employee's death payments are to be made to his estate.

Cora I. Gregson, named as beneficiary when Daro C. Gregson entered into the retirement plan, was decedent's mother. There was evidence that she had lived with her son for a considerable time until she predeceased him on May 13, 1961, at age 90. Her only granddaughter, and Daro's only niece, is the executrix, Carolann Reich. She is also the sole legatee under Daro's will.

Edward DeGraff was called by the executor to testify as an adverse witness. He testified that he began working for the Hall Printing Company in 1947 or 1948 and that he was a close friend of Daro Gregson until the time of his death.. He acknowledged, however, that he and Daro did not speak to each other for a period of six months to a year as the result of a quarrel. DeGraff left Hall in 1970 to take a job as a salesman but would see Gregson when he would make sales calls on the Hall Company. DeGraff testified that about 1950 he and Gregson were in the company cafeteria and that at this time he had known Gregson for about two years and he also knew that Gregson was taking care of his mother. He said that someone from the pension department came out and asked Gregson what he wanted to do about his beneficiary. DeGraff said Gregson asked him whether DeGraff would be his beneficiary to which he answered, "Yes." He said he saw Gregson sign a card although he did not know what kind of a card. He also testified that at this time he saw Gregson change the name of his government bonds to designate DeGraff as beneficiary.

The Hall Company employee retirement plan in effect in 1945 was apparently not before the court and is not in the record. The present employees retirement plan which was admitted without objection provides that a participant "desiring to designate, rescind, or change his Beneficiaries shall exercise such right in writing by filling out and furnishing to the Committee the required form or forms."

Charles E. Valkenaar, manager of employee benefits since 1969, testified that the acceptance card was the only document in the possession of W. F. Hall Printing Company which designates a beneficiary for Gregson under the plan. He stated that he had no way of knowing when Cora Gregson's name was crossed off and DeGraff's name inscribed on the card. Since 1969 until the present, he testified, that an employee has been required to fill out a new card in order to change beneficiaries. He indicated, however, that at some time in the past before he was in charge of the program it was customary to make the beneficiary change on the original card.

Paul A. Johnson testified that he was in charge of the employee benefits office from 1956 until 1970. He said that during the time he was in charge he required employees to fill out a new card when they wished to change

beneficiaries. He said that this requirement was pursuant to the specific instructions of the pension committee. Johnson further testified that Gregson did not make any changes in beneficiaries that he knew about during the time that he was in charge of the program. The witness had no knowledge of any change from 1945 through 1956. He also testified that prior to the time he took over it was customary to have program participants change the names of the beneficiaries by indicating on the original card. He could not say that the method was approved by the retirement committee but testified that it appeared to be the common practice.

In the order dated April 22, 1975, the judge found that the monthly payments belonged to the decedent's estate and ordered that they be paid to Carolann Reich as executrix of the Estate of Daro C. Gregson. At that point the intervenor sought to present direct evidence on his behalf which the court refused as untimely. In colloquy with counsel the court stated:

> "[A]ll the Court has found is that this did not comply with the requirements of the rules and regulations of the pension plan of the W. F. Hall Printing Company."

The court's reliance on the failure to follow the method prescribed by the company plan for changing beneficiaries appears to be an insufficient basis in itself to require that the pension fund assets be paid to the estate of the employee. The court apparently relied on the language stated on the reverse side of the Employees Retirement Plan, the Acceptance Card,

> "I hereby reserve the right to change the beneficiary by written notice given in such manner as may be prescribed by the Retirement Plan Committee."

However, there is no evidence of what the Retirement Plan Committee has in fact prescribed. Edward DeGraff testified that the change was made "about 1950." But there is no evidence in the record as to what the provisions for change of beneficiaries were at that time. If it is assumed that the provisions were the same as in the present plan which was in evidence, the plan makes reference to "filling out and furnishing to the Committee the required form or forms." The testimony, however, is very unsatisfactory on the question of what the prescribed procedure was and whether it was customarily followed. On this state of the record we conclude that the April 22 order was in error.

■■ We have examined the record carefully to determine whether there is sufficient evidence to support a judgment for the estate on grounds other than those apparently relied upon by the trial court in its original order of April 22, 1975, or for the intervenor on the whole record. We conclude that there is insufficient evidence to support either a judgment for the estate or for the intervenor on the merits and that the case must be remanded for a new trial.

What appear to be alterations on the employee's retirement plan card, under the circumstances, create a suspicion of unauthorized alteration after execution. DeGraff's testimony does nothing to allay the suspicion. He said that he saw Daro sign the card when he testified the change was made in 1950 in the company cafeteria. However, there is only the single signature of the employee on each side of the card. These signatures were necessarily on the card when it was executed in 1945. The casualness of the changes together with the circumstance that DeGraff was a fairly recent acquaintance and Gregson's mother at the time was still living could make DeGraff's testimony somewhat incredible. However, these circumstances raise questions of fact which should be addressed and resolved by the trier of facts. (*Orrico v. Prudential Insurance Co. of America*, 6 Ill. App. 2d 316, 321 (1955).) We find nothing in the record to show that these questions of fact were either addressed or resolved by the trial court.

A related question of fact which was not resolved was whether the decedent authorized the changes. (*Young v. American Standard Life Insurance Co.*, 398 Ill. 565, 573 (1948).) The designation of a beneficiary is solely a decision of the insured and when a controversy arises as to the identity of a beneficiary the intention of the insured is the controlling element. If such intention is dependent on extrinsic facts which are disputed the question, of course, must be resolved as one of fact. See *Wheaton National Bank v. Aarvold*, 38 Ill. App. 3d 658, 661-63 (1976).

Since on this record it appears that the court did not, in fact, decide whether the beneficiary was changed in accordance with Daro C. Gregson's intention, a new trial is required.

We therefore reverse and remand the cause with directions to vacate the order dismissing the citation petition and to conduct adversary citation proceedings consistent with this opinion.

Reversed and remanded.

RECHENMACHER, P. J., and GUILD, J., concur.