John E. FRENTHEWAY, Administrator of the Estate of Robert Weldon Bailey, deceased, Plaintiff,

v.

MONSANTO CO., Metropolitan Life Insurance Company, Defendants.

No. C82–238.

United States District Court, D. Wyoming.

Nov. 12, 1982.

Charles E. Graves, Cheyenne, Wyo., for plaintiff.

W. Douglas Hickey, Cheyenne, Wyo., Arthur L. Smith, Richard J. Pautler, St. Louis, Mo., for defendant Monsanto Co.

Julie Nye Tiedeken, Cheyenne, Wyo., for defendant Metropolitan Life Ins. Co.

### ORDER GRANTING MOTION FOR SUMMARY JUDGMENT (WITH FINDINGS)

KERR, District Judge.

The above-entitled matter coming on regularly for hearing before the Court upon Defendant Monsanto's Motion For Summary Judgment, plaintiff appearing by and through his counsel Charles E. Graves, defendant Monsanto appearing by and through its counsel W. Douglas Hickey, and defendant Metropolitan Life Insurance Company appearing by and through its counsel Julie Nye Tiedeken, and the Court having heard the arguments of counsel in favor of and in opposition to said motion, and having carefully considered the pleadings, affidavits, exhibits and all other materials filed herein, and the Court being fully advised in the premises; FINDS:

That this action is declaratory in nature for the purpose of determining who should receive the proceeds of a life insurance policy.

This Court has jurisdiction pursuant to 28 U.S.C. §§ 1332 and 2201.

The material facts involved in the disposition of this matter are not in dispute. The plaintiff is the duly appointed, qualified and acting administrator of the estate of Robert Weldon Bailey, deceased. Mr. Bailey died in an automobile accident in Carbon County, Wyoming on March 28, 1981. At the time of his death, the deceased was an employee of defendant Monsanto Company, and was insured by a group life insurance policy. The insurance coverage is furnished through an employee welfare benefit plan provided by defendant Monsanto under the regulations of the Employee Retirement In-

come Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001 et seq. All premiums on the policy are paid by defendant Monsanto. In this case the policy was issued by defendant Metropolitan Life Insurance Company and was in the amount of $42,500.00.

There is evidence that defendant Monsanto's procedure regarding the life insurance involves having the employee sign a beneficiary card which provides for disposal of the insurance proceeds. The file contains several attached exhibits, one of which consists of a copy of a beneficiary card made out in the name of the deceased, designating his parents as beneficiary. The card is *not* signed, and there is no further evidence that the deceased ever named or attempted to name a beneficiary for his policy.

ERISA requires that each company benefit plan set forth when, how, and to whom benefits will be paid. The Monsanto plan made such provisions and in relevant part provides:

> If there be no designated Beneficiary at the time when any benefits would otherwise be payable to the Beneficiary, then such benefits shall be payable as follows: to the wife or husband, if living, to the children of the Employee who survive the Employee, equally, if none survives, to either the father or mother of the Employee or to both equally; if none of the above survives the Employee, to the Estate of the Employee.

Pursuant to the benefit plan, defendant Monsanto collected the proceeds from defendant Metropolitan Life. The deceased was unmarried and had no children; thus, the proceeds were distributed to the parents of the deceased.

Plaintiff makes claim to the insurance proceeds based on the intent of deceased and Wyoming common law. Plaintiff's arguments are without merit. Although there is some evidence to the effect that the deceased was not on the best of terms with his parents, such a showing does not provide a basis upon which the terms of the benefit plan and insurance policy can be ignored. The beneficiary provision of the plan is extremely clear, and under those terms, the parents of the deceased are to receive the insurance proceeds.

The cases cited by plaintiff in support of using intent to make a beneficiary determination are distinguishable in two respects. First, in many cases, the document in question is a will. *Matter of the Estate of Edgar Taitt,* 87 Misc.2d 586, 386 N.Y.S.2d 308 (1976); *Matter of Goldstein,* 46 App. Div.2d 449, 363 N.Y.S.2d 147 (1975). Clarification or interpretation of a will is quite different from determining the beneficiary in an insurance policy. The terms of an insurance policy are set by the company, not an individual. In this case the individual did not even have to determine coverage or pay premiums; naming a beneficiary was his only obligation.

Second, while intent of the deceased *has* been used to help determine the proper beneficiary in an insurance policy, this generally takes place when one or more beneficiaries have been named and an attempt is made to resolve ambiguities and properly dispose of the proceeds. *Reich v. Hall,* 46 Ill.App.3d 837, 5 Ill.Dec. 157, 361 N.E.2d 296 (1971); *Butcher v. Pollard,* 32 Ohio App.2d 1, 288 N.E.2d 204 (1972). "Whenever a dispute develops over the connotation of the named beneficiary, the court's responsibility is to ascertain and give effect to his intentions... But the instant case does not lend itself to this mode of inquiry, for the insured did not specifically designate any beneficiaries." *Butcher v. Pollard, supra* 288 N.E.2d at 206. The case before this Court now also involves failure to designate any beneficiary. Intent is used to clear up any ambiguities that exist in disposing of the proceeds. There are no ambiguities in this case. No beneficiary was named and the plan specifically and explicitly determines disposition of the proceeds under such circumstances. Absent ambiguity, the intent of the decedent is irrelevant.

A second issue involves application of Wyoming common law, which plaintiff contends would require the proceeds in this case to go to the estate. W.S. § 26–17–116 is applicable to group insurance policies and provides:

The group life insurance policy shall contain a provision that any sum becoming due by reason of the death of the person insured shall be payable to the beneficiary designated by the person insured, *subject to the provisions of the policy in the event there is no designated beneficiary* ... (emphasis added)

However, this analysis is not necessary as ERISA supercedes "any and all state laws insofar as they may now or hereafter relate to any employee benefit plan..." 29 U.S.C. § 1144(a). The Monsanto benefit plan is instituted under the ERISA regulations and the beneficiary provision in that plan is controlling.

It is noted that the Wyoming statute, while not controlling, is compatible with the ERISA regulations, and thus, there appears to be no conflict or question concerning applicable authority for disposition of the life insurance proceeds. They shall be disposed of pursuant to the relevant provision of the Monsanto benefit plan.

As previously noted, there is no dispute as to the material facts necessary for disposition of this case; summary judgment is proper. Pursuant to the terms of the benefit plan, which is controlling as to the disposition of the insurance proceeds, Monsanto acted properly in paying 50 percent of said proceeds each to decedent's mother and father.

NOW, THEREFORE, IT IS ORDERED that Defendant Monsanto's Motion For Summary Judgment be, and the same is, hereby granted; it is

FURTHER ORDERED that summary judgment be, and the same is, hereby entered for and on behalf of Monsanto Company; it is

FURTHER ORDERED that the prayer for attorney fees be, and the same is, hereby denied, and each party is to pay their own costs.