ALICE M. TURNER and others

*vs.*

HALLOWELL SAVINGS INSTITUTION.

Kennebec. Opinion December 15, 1884.

*Devise. Alienation. Evidence. Declarations of testator.*

An attempted restraint of the alienation of an estate, devised in fee, is void as against public policy.

The declarations of a testator, made shortly before and shortly after the execution of his will, are incompetent to control the language of a devise.

ON REPORT.

Real action to obtain possession of certain premises in Winthrop.

The plaintiffs claim title as heirs of John O. Wing, (who died prior to the commencement of the action) under the will of Ichabod Wing. The defendant claims title by conveyance from John O. Wing.

The opinion states the facts.

*John H. Potter*, for the plaintiffs, contended that John O. Wing took but a life-estate in the premises with remainder to his heirs; that the devise in the will of Ichabod Wing should be construed as a whole, and thus construed, it clearly showed the intention of the testator to give his son, John, a life-estate; that the clause of the devise, " to him and his heirs forever," in its technical sense, conflicted with a later clause, " nor shall my son sell or dispose of the same . . . but it shall descend to his legal heirs," and it should be expunged because it least effectuates the testator's general intention, and because the latter clause in a will, when in conflict with a preceding one must prevail.

Counsel cited: R. S., -c. 73, § 6; 1 Greenl. Ev. § 287; *Crocker* v. *Crocker*, 11 Pick. 252; *Lamb* v. *Lamb*, 11 Pick. 370; Hawkins, Wills, 6, 3, 4; O'Hara, Wills, 28, 39, 40, 32, 30; *Gray* v. *Pearson*, 6 H. L. C. 61; *Towns* v. *Wentworth*, 11 Moo. P. C. C. 526; *Buck* v. *Paine*, 75 Maine, 582; *DeKay* v. *Irving*, 5 Denio, 646; Wigram, Wills, 32; 6 Waits, Acts. & Def. 382; *Braman* v. *Stiles*, 2 Pick. 460.

*Baker, Baker and Cornish*, for the defendant, cited: *Underhill* v. *Saratoga R. R.* 20 Barb. 455; *Osgood* v. *Abbott*, 58 Maine, 73; *Bell Co.* v. *Alexander*, 22 Texas, 350; *B. & B. R. R. Co.* v. *Brewer*, 67 Maine, 300; *Cutting* v. *Carter*, 4 Munf. (Va.) 223; *Parker* v. *Parker*, 123 Mass. 584; *Hayden* v. *Stoughton*, 5 Pick. 528; *Bradstreet* v. *Clark*, 21 Pick. 389; *Merrill* v. *Emery*, 10 Pick. 507; *Bradford* v. *Perkins*, 23 Pick. 183; *Green* v. *Thomas*, 11 Maine, 318; *Stark* v.

*Smiley*, 25 Maine, 201; *Marwick* v. *Andrews*, 25 Maine, 525;
*Fisk* v. *Chandler*, 30 Maine, 79; 1 Wash. R. Prop. *449,
*448, *54; *Jones* v. *Habersham*, 3 Woods, C. C. 443; *Mead*
v. *Ballard*, 7 Wall. 290; *Finlay* v. *King's Lessee*, 3 Pet. 346;
*Jones* v. *Leeman*, 69 Maine, 489; *Moore* v. *Heaseman*, Willes,
140; *Doe* v. *Holmes*, 8 D. & E. 1; *Goodlittle* v. *Madden*, 4
East, 496; Bac. Abr. "Condition" (L.) *647; Co. Litt.
223 *a*; Com. Dig. "Condition" (D. 4); 2 Redf. Wills, 666;
2 Cruise, Dig. *8; *Hall* v. *Tufts*, 18 Pick. 455; *Bank* v.
*Davis*, 21 Pick. 42; *Gleason* v. *Fayerweather*, 4 Gray, 348;
*Lane* v. *Lane*, 8 Allen, 350; *Sears* v. *Putnam*, 102 Mass. 5;
*Deering* v. *Tucker*, 55 Maine, 289; *Stuart* v. *Walker*, 72
Maine, 146; *Moore* v. *Sanders*, 15 S. C. 440, (40 Am. R.
703); *Hobbs* v. *Smith*, 15 Ohio St. 419; *Anderson* v. *Cary*,
36 Ohio St. 506 (38 Am. R. 602); *Mandlebaum* v. *McDonnell*,
29 Mich. 78 (18 Am. R. 61); *Walker* v. *Vincent*, 19 Pa. St.
369; *Naglee's Appeal*, 33 Pa. St. 89; *Kepple's Appeal*, 53 Pa.
St. 211; *Barnard* v. *Bailey*, 2 Harr. (Del.) 56; *Norris* v.
*Hensley*, 27 Cal. 439; *Schermerhorn* v. *Negus*, 1 Denio, 448;
*Newkerk* v. *Newkerk*, 2 Caines, 345; 30 Alb. Law J. 4;
*Cotton* v. *Smithwick*, 66 Maine, 360; *Miller* v. *Travers*, 8
Bing. 244; *Hiscocks* v. *Hiscocks*, 5 M. & W. 363; *Brown* v.
*Saltonstall*, 3 Met. 423; *Tucker* v. *Seaman's Aid Soc.* 7 Met.
188; *Howard* v. *Am. Peace Soc.* 49 Maine, 288; *Madden* v.
*Tucker*, 46 Maine, 367.

HASKELL, J. Ichabod Wing, being seized of certain real
estate, devised the same as follows:

"I give and bequeath unto my son, John O. Wing, the
following real estate with the buildings thereon, to him and his
heirs forever, provided he pays all my debts, and gives me a
decent burial, and pays out legacies as herein ordered and
expressed, [here follows a description of the real estate] all the
above subject to my wife's life estate in the same, nor shall my
son sell or dispose of the same or any part thereof, but it shall
descend to his legal heirs."

By apt and appropriate words, the testator devised an estate to his son to be held in fee, subject to his widow's dower, and charged with the payment of debts and legacies; but, anxious that it should be retained by the son for a homestead during his life, the testator attempted to restrain its alienation by the son, and directed that it should descend to the son's legal heirs. This he could not do, for alienation is incident to the enjoyment of property, whether held in fee, or for life. If the devise could be construed to give the son a life-estate only, then the devise of the testator, that the son should retain it during life, might be thwarted, for one ingredient in the legal right to a life-estate is the right to dispose of it. *Blackstone Bank* v. *Davis*, 21 Pick. 42; *Gleason* v. *Fairweather*, 4 Gray, 348. That the testator intended to give the son the estate in fee is made clear from the expression in the devise, that it should descend to the son's legal heirs, for if he had intended that the son should take a life-estate only, the remainder could not descend from the son, and his heirs, if they took any estate under the devise, must take it directly from the testator. But the devise contains no words showing such an intent. On the contrary, the estate is expressly devised to the son and to his heirs forever.

Public policy requires that no man should be deprived of the right to dispose of property, to which he has an absolute and indefeasible title, in any lawful way that may suit his pleasure. *Piercy* v. *Roberts*, 1 Myl. & K. 4; *Josselyn* v. *Josselyn*, 9 Sim. 63; *Saunders* v. *Vaultier*, 4 Beav. 115; *Recke* v. *Rocke*, 9 Beav. 66; *Re Young's Settlement*, 18 Beav. 199; *Gosling* v. *Gosling*, H. R. V. Johns. 265; *Magrath* v. *Morehead*, L. R. 12 Eq. 491; *Mandlebaum* v. *McDonnell* 29 Mich. 78; *Surley* v. *Massengill*, 7 Lea. 383; *Lane* v. *Lane*, 8 Allen, 350; *Sears* v. *Putnam*, 102 Mass. 5; *Deering* v. *Tucker*, 55 Maine, 289.

The declarations of the testator, shown to have been made shortly before, and shortly after the execution of the will, if offered for the purpose of controlling the language of the devise, by showing what estate the testator intended that John should take, are incompetent and inadmissible for the purpose. True,

the intent of the testator must govern, but, it is that intent; expressed by the will. Such evidence may be resorted to from necessity, in cases of latent ambiguity, to prevent a devise from being declared void. *Cotton* v. *Smithwick*, 66 Maine, 360. But no case has been cited at the bar to warrant its admission in the present case. Nor is it apparent upon what principle its admissibility can be maintained.

*Judgment for the tenant.*

PETERS, C. J., WALTON, VIRGIN, LIBBEY and EMERY, JJ., concurred.