STATE OF MAINE
PENOBSCOT, SS.

SUPERIOR COURT
Docket No. CV-05-110

FILE    ENTERED
SUP    IO COURT

M.P 10 2006

PENOBSCOT COUNTY

JORDAN I. KOBRITZ, et al.,       )
             Plaintiff,       )
                        )
                        )
                        )      **DECISION AND ORDER**
        v.               )
                        )
                        )
ELLEN L. SEVERANCE, et al.,       )
            Defendant.       )

      Jordan Kobritz and Ellen Severance have filed motions for summary judgment on various counts of the Complaint and Counterclaim. The parties have submitted written material in support of their positions and were heard at oral argument on March 8, 2006.

      The material facts are undisputed. Jordan Kobritz is a creditor of his grandfather Morris Kobritz' estate by virtue of a judgment (in the amount of $30,906.25) and writ of attachment obtained by the Northeast Bank & Trust which Jordan Kobritz purchased in 1982.[1] Mr. Kobritz filed a claim against the Estate of Morris Kobritz on April 15, 1982, in the amount of $47,925.70, representing the judgment and interest accrued to that date – a claim which was not disallowed by the personal representatives (John and Nathan Kobritz)[2] of the estate. The prime asset of the estate was a large parcel of property referred to by the parties as the Kobritz farm.

      On November 4, 1982, Jordan Kobritz recorded a discharge of the Northeast Bank attachment judgment lien.[3] Twenty days later, the Personal Representatives of the Morris Kobritz Estate (John and Nathan Kobritz) transferred the Kobritz farm to themselves and, later that day, to Ellen Severance. Deeds were duly recorded in the registry of deeds.

      These out-conveyances are in violation Morris Kobritz' will which prohibits any sale of the farm for a period of 25 years following his death. The record suggests that no consideration was paid for the transfer.[4] Jordan Kobritz asserts that he had no notice of

---

[1] Morris died on February 12, 1980.

[2] Jordan Kobritz' uncle and father, respectively.

[3] The discharge does not affect the viability of the claim upon the estate or the claim itself. It merely removes an encumbrance the title to the Kobritz farm. Plaintiff acknowledges that he has no claim against the real estate simply by virtue of the discharged attachment and lien.

[4] Ms. Severance does allege that she was owed some $70,000 by Nathan Kobritz for her services rendered in the past to him. Although Nathan may have owed her some money, the Estate of Morris Kobritz did not. Ms. Severance offers no suggestion, beyond that alleged debt, that she purchased the large tract of land for any amount of consideration, let alone anything approaching actual value

this transfer until after the death of Nathan Kobritz, his father, in 2003. Defendants offer no suggestion to the contrary except to assert that Jordan Kobritz had constructive knowledge of the conveyances because they were recorded in the Penobscot County Registry of Deeds.

Upon these facts, Jordan Kobritz' Complaint asks the court to declare that the deeds transferring the property are null and void, to declare a constructive trust upon the real estate for the benefit of Plaintiff and/ or the estate, to award compensatory damages and restitution. Ellen Severance seeks in her counterclaim to obtain a judgment to quiet title to the property and a declaration that she is the owner in fee simple of the farm property.

These circumstances suggest an extraordinary defrauding of Jordan Kobritz by his father and uncle. The undisputed facts remain that John and Nathan had fiduciary duties to the Estate of their father and to Jordan as a creditor – fiduciary duties which were violated by the transfer of the property in contravention of the Will's clear prohibition against such transfers. Their actions improperly placed the estate's only asset beyond the viable and proper claim by Jordan. This is precisely the circumstance that the equitable power of the court is available to address.

While the court cannot conclude – as a matter of uncontroverted fact – that Ellen Severance conspired with Nathan and John to defraud Jordan, the fact remains that she is clearly not a bona fide purchaser for value. Morris Kobritz' Will and Jordan Kobritz' claim against the estate (and initially against the property) are all matters of record, thus placing her on notice of the potential fraud.[5]

Defendant Severance argues that Jordan Kobritz' action is well beyond the statute of limitations period and that he cannot avail himself of the equitable authority of the court after having allegedly sat upon his rights for many years. In the first instance, the court concludes that the statute of limitations is commenced at the time Jordan Kobritz learned of the fraudulent transfer (shortly after September 23, 2003) by the operation of 14 MRSA §859. Similarly, he cannot have sat upon rights which he did not know he had.[6] As his actual knowledge of the transactions occurred in 2003, neither the statute of limitations nor application of equitable principle bar this action.

Defendants argue that the recording of the deeds in the Penobscot County Registry of Deeds placed Jordan Kobritz upon constructive notice of the transfers and

---

[5] As noted herein, the court holds that Jordan Kobritz' fraud action is not barred by the statute of limitations despite the fact that the conveyance of the property is a matter of record. This is based upon his familial and fiduciary relationship with John and Nathan. This conclusion is distinguished from the court's holding that Ellen Severance is on constructive notice of the Will provisions and Jordan's claims as duly recorded – notice which precludes bona fide purchaser status. Ellen Severance is not a family member and cannot claim a fiduciary relationship with the grantors.

[6] He had no reason to regularly examine the registry of deeds to make sure that his family members had not conveyed the sole asset of the estate which was available to satisfy the debt which he was apparently forbearing to collect during his father's lifetime.

that the ordinary statute of limitation should commence on the recording date. Under ordinary circumstances, that might be true. However, two circumstances remove this situation from ordinary circumstances – each is based upon the premise that Jordan Kobritz is not expected to assume that his father and uncle would commit fraud.[7] In each instance, Jordan Kobritz clearly had a special relationship with his father and uncle which prohibited the commission and concealment of such actions. First, his father and uncle had a fiduciary duty to him as an acknowledged creditor of the estate. Secondly, he held a reasonable expectation that the personal representatives would comply with the express conditions of the will (i.e. – not to convey the property for 25 years).[8] Jordan Kobritz' claim is brought within the statute of limitations as extended by 14 MRSA §859.

One might also expect that an uncle and father would not conspire and undertake a fraudulent course of action against their nephew or son, but this observation plays no part in the court's findings or conclusions herein.

Ellen Severance asserts that the property cannot revert to the Estate of Morris Kobritz in any event because of 14 MRSA §801 which prevents actions for recovery of lands unless the action is brought within 20 years after the right of recovery accrues. As noted above, the fraud conveyance committed by Nathan and John was effectively concealed during their lifetimes until 2003 when their actions were revealed to the rest of the family. Accordingly, the statute of limitations is tolled during the period preceding the disclosure. Similarly, Ellen Severance's claim that she acquired the property by adverse possession is without merit. In addition to the fact that she does not offer evidence that she has satisfied all of the elements of adverse possession[9] (See Hennessy v. Fairley, 2002 ME 76; 796 A.2d 41 (Me 2002)), the fact remains that she is the record owner – a record owner cannot possess property adversely to one's self.

In sum, the court concludes upon the uncontroverted facts as submitted by the parties that the Plaintiff has demonstrated by clear and convincing evidence that John and Nathan Kobritz fraudulently, and in contravention of the express terms of Morris Kobritz' Will, conveyed the premises known at the Kobritz farm to themselves and, later the same day, to Ellen Severance without consideration. As a direct and proximate result of such fraudulent conveyance, the only viable asset of the Morris Kobritz Estate was placed beyond the reach of Jordan Kobritz' claim (in the form of a valid Judgment and Writ of Execution). Ellen Severance is not a bona fide purchaser for value of the property and, thus, is not entitled to the protections which that status creates.

Accordingly, the court Orders as follows:

---

[7] The transfer of the property in violation of 18-A MRSA §3-713 supports the conclusion of fraud and creates in Jordan Kobritz the right to void the transaction in his individual capacity and his capacity as Special Administrator (appointed May 9, 2005) of Morris' estate.

[8] The issue of whether this provision violates the rule against prohibitions of alienation is for the court – not the personal representatives – to decide. Although the issue is not expressly before the court in this setting, this court has little difficulty in concluding that the provision (a specific, closed-end 25 year period) does not violate the rule against alienation.

[9] Indeed, the record suggests that Sharon Kobritz undertook the tasks which are ordinarily associated with ownership.

1. The Deed dated November 24, 1982, from John and Nathan Kobritz in their capacities as personal representatives of the Estate of Morris Kobritz to themselves in their individual capacities of the so-called "Kobritz Farm" (described in Exhibit A, annexed hereto) recorded in the Penobscot County Registry of Deeds at Book 3347, Page 200, is **hereby declared void**. As a consequence, the Deed dated November 24, 1982, from John and Nathan Kobritz to Ellen Severance for the same property recorded in the Penobscot County Registry of Deeds at Book 3349, Page 174, is **hereby declared a nullity**.

2. By virtue of the nullification of the deed noted above, all right, title and interest in the so-called "Kobritz Farm" reverts to the Estate of Morris Kobritz. Further proceedings may be had in the Probate Court.

For purposes of the docket, the Clerk may incorporate this Decision and Judgment by reference and make the following docket entries:

PLAINTIFFS' COMPLAINT:
Count I: Judgment for Plaintiffs[10]
Count II: Declaratory Judgment entered in favor of Plaintiffs
Count III: Judgment for Defendants
Count IV: Judgment for Defendants.

DEFENDANT SEVERANCE'S COUNTERCLAIM:
Count I: Judgment for Plaintiffs
Count II: Declaratory Judgment entered in favor of Plaintiffs

The Clerk may incorporate this Order upon the docket by reference.

Dated: March 9, 2006

Andrew M. Mead
JUSTICE, MAINE SUPERIOR COURT

---

[10] Although Plaintiffs sought damages, no specific amounts were offered in the summary judgment materials. Plaintiffs may request a hearing on damages within twenty days of the date of this hearing. If no such request is made, it shall be deemed waived.

EXHIBIT A

A certain lot or parcel of land with the buildings thereon situated in Bangor, County of Penobscot, State of Mine, bounded and described as follows: Beginning on the southerly line of lot number ninety-one (91) Holland's Plan, sixteen and one-half (16 ½) rods south fifty-three (53) degrees east from the southwesterly corner of said lot number 91; thence sought fifty-three (53) degrees east, about two hundred forty (240) rods to the meadow brook; thence up said brook seventy-four rods to a stake in its margin; thence north fifty three (53) degrees west about two hundred and forty (240) rods to a birch tree, being the northwest corner of said lot; thence north eighty-two (82) degrees west, fifteen (15) rods; thence south eight (8) degrees west, twenty seven (27) rods; thence southerly to the first mentioned bound; containing one hundred acres (100) more or less.

Excepting and reserving a narrow strip of land twenty (20) feet wide and sixteen (16) rods long used and occupied by Alexander Haggerty and another as a passageway.

Being the same premises conveyed to Morris Kobritz by Sam Price by deed dated May 2, 1923, and recorded in the Penobscot County registry of Deeds Book 901, Page 462.

JORDAN I KOBRITZ  - PLAINTIFF
11985 E MINGUS VISTA DRIVE
PRESCOTT VALLEY AZ 86314
Attorney for: JORDAN I KOBRITZ
R LEE IVY  - RETAINED 06/06/2005
JENSEN BAIRD ET AL
10 FREE STREET
PO BOX 4510
PORTLAND ME 04112


Attorney for: JORDAN I KOBRITZ
BRENDAN RIELLY  - RETAINED 06/06/2005
JENSEN BAIRD ET AL
10 FREE STREET
PO BOX 4510
PORTLAND ME 04112


JORDAN I KOBRITZ SP ADM EST M KOBRITZ  - PLAINTIFF
11985 E MINGUS VISTA DRIVE
PRESCOTT VALLEY AZ 86314
Attorney for: JORDAN I KOBRITZ SP ADM EST M KOBRITZ
BRENDAN RIELLY  - RETAINED 06/06/2005
JENSEN BAIRD ET AL
10 FREE STREET
PO BOX 4510
PORTLAND ME 04112


Attorney for: JORDAN I KOBRITZ SP ADM EST M KOBRITZ
R LEE IVY  - RETAINED 06/06/2005
JENSEN BAIRD ET AL
10 FREE STREET
PO BOX 4510
PORTLAND ME 04112



vs
ELLEN L SEVERANCE  - DEFENDANT
817 OHIO STREET,
BANGOR ME 04401
Attorney for: ELLEN L SEVERANCE
CHARLES GILBERT III - RETAINED 10/06/2005
GILBERT & GREIF
82 COLUMBIA ST
PO BOX 2339
BANGOR ME 04402-2339


STEWART KOBRITZ PR EST SAMUEL KOBRITZ  - DEFENDANT
7624 E SABINO VISTA DRIVE,
TUCSON AZ 85750
Attorney for: STEWART KOBRITZ PR EST SAMUEL KOBRITZ
JON HADDOW  - RETAINED 10/21/2005
FARRELL ROSENBLATT & RUSSELL
PO BOX 738
BANGOR ME 04401-0738


SHARON KOBRITZ CO PR EST N KOBRITZ  - DEFENDANT

SUPERIOR COURT
PENOBSCOT, ss.
Docket No  BANSC-CV-2005-00110


**DOCKET RECORD**

BANGOR ME 04401UE,
Attorney for: SHARON KOBRITZ CO PR EST N KOBRITZ
BRUCE MALLONEE   - RETAINED 10/03/2005
RUDMAN & WINCHELL
84 HARLOW ST
PO BOX 1401
BANGOR ME 04402-1401


BANGOR SAVINGS BANK CO PR EST NATHAN KOBRITZ - DEFENDANT
609 BROADWAY,
BANGOR ME 04401
Attorney for: BANGOR SAVINGS BANK CO PR EST NATHAN KOBRITZ
BRUCE MALLONEE   - RETAINED 10/03/2005
RUDMAN & WINCHELL
84 HARLOW ST
PO BOX 1401
BANGOR ME 04402-1401


Filing Document: COMPLAINT                    Minor Case Type: OTHER NON-PERSONAL INJURY TORT
Filing Date: 06/06/2005

## Docket Events:

06/06/2005 FILING DOCUMENT - COMPLAINT FILED ON 06/06/2005
           (TITLE TO REAL ESTATE INVOLVED)

06/06/2005 Party(s):  JORDAN I KOBRITZ
           ATTORNEY - RETAINED ENTERED ON 06/06/2005
           Plaintiff's Attorney: R LEE IVY

06/06/2005 Party(s):  JORDAN I KOBRITZ
           ATTORNEY - RETAINED ENTERED ON 06/06/2005
           Plaintiff's Attorney: BRENDAN RIELLY

06/06/2005 Party(s):  JORDAN I KOBRITZ SP ADM EST M KOBRITZ
           ATTORNEY - RETAINED ENTERED ON 06/06/2005
           Plaintiff's Attorney: BRENDAN RIELLY

06/06/2005 Party(s):  JORDAN I KOBRITZ SP ADM EST M KOBRITZ
           ATTORNEY - RETAINED ENTERED ON 06/06/2005
           Plaintiff's Attorney: R LEE IVY

06/06/2005 NOTE - OTHER CASE NOTE ENTERED ON 06/06/2005
           FORWARDED A MEJIS ATTORNEY INFORMATION FORM TO R. LEE IVY, ESQ.

06/06/2005 CERTIFY/NOTIFICATION - CASE FILE NOTICE SENT ON 06/06/2005
           TO PLAINTIFFS' ATTORNEYS.

06/22/2005 Party(s):  BANGOR SAVINGS BANK CO PR EST NATHAN KOBRITZ
           SUMMONS/SERVICE - CIVIL SUMMONS SERVED ON 06/13/2005
           OFFICER'S RETURN OF SERVICE AS TO DEFENDANT BANGOR SAVINGS BANK, PR EST OF NATHAN KOBRITZ
           BY DEXTER WILSON.

06/22/2005 Party(s):  BANGOR SAVINGS BANK CO PR EST NATHAN KOBRITZ

STATE OF MAINE                          DISTRICT COURT
PENOBSCOT, SS.                          CIVIL ACTION
                                        DOCKET NO CV-05-110

FILED & ENTERED
SUPERIOR COURT
MAR 2 4 2008
PENOBSCOT COUNTY

JORDAN I. KOBRITZ, individually and ,
As Special Administrator of the Estate
Of Morris Kobritz
            Plaintiff,
        v.                              DECISION AND ORDER
ELLEN L. SEVERANCE, et al.,

            Defendant.


Plaintiff and defendant Severance have filed motions for summary judgment. In his motion, the plaintiff asserts that the court should enter judgment for the plaintiff on all counts of his complaint and all counts of the counterclaim because payment of an antecedent debt is not sufficient consideration to constitute a good faith purchase for value when the seller obtained the property by fraud. In her motion, defendant Severance asserts that the court should dismiss all counts of plaintiff's complaint because his claims are barred by the statute of limitations.

The court first addresses the defendant's motion. In her first argument she asserts, accurately, that the writ of attachment and writ of execution were discharged prior to the transfer of the property to defendant Severance. The plaintiff agrees, but accurately points out that the discharge does not affect the viability of the claim against the estate or the claim itself. Despite the discharge, plaintiff could remain as a creditor of the estate. The fact of discharge does not preclude a reasonable fact finder from determining that by conveying the farm in contravention of their father's will, John and Nathan Kobritz defrauded plaintiff and breached the duty they owed to him as a creditor of the estate. The motion is denied with regard to this claim.

Next, defendant Severance asserts that the plaintiff's claim is barred by the statute of limitations. The relevant statute of limitations requires that an action of this type must be brought within twenty years of the date of the recording of the questioned conveyance. 14 MRSA 801. This action is barred unless 14 MRSA 859 applies, providing for an extension of the limitations period, in the instance of a fraudulent conveyance, to a period within six years of the discovery of the fraud that is involved in the conveyance. In deciding defendant's appeal of an earlier grant of summary judgment for the plaintiff on this issue, the Law Court stated that in viewing the evidence in the light most favorable to Ms. Severence, there were possible disputed facts regarding when Mr. Kobritz should have discovered the alleged fraud. In deciding this same issue, now raised by defendant Severance, and in viewing the evidence in the light most favorable to Mr. Kobritz, this court decides that there are possible disputed facts concerning when Mr. Kobritz should have discovered the alleged fraud. Despite the factors that defendant Severance mentions to advance her argument that Mr. Kobritz should have discovered the alleged fraud earlier, including the fact that he is a lawyer, his father lived on the farm, the relevant deeds were publicly recorded, and that his sister learned of the conveyance in 1993; a reasonable fact finder could conclude that Mr. Kobtitz should not have discovered the alleged fraud earlier. Several factors support this view, including the fact that no one had even hinted to him that the conveyance had taken place, that there was no need for Mr. Kobritz to check the registry regularly and there was no physical indication that the farm had changed hands. Defendant Severance's motion for summary judgment with regard to the statute of limitations issue is Denied.

The court also Denies her motion with regard to her counterclaims.

Turning to the plaintiff's motion for summary judgment with regard to the assertion that the conveyance to Ms. Severance was fraudulent and she is not a bona fide purchaser of the real estate for value, the court defers making this decision because whether or not it can effectively be raised depends on the outcome of a factual decision to be made at trial with regard to the statute of limitations.

Further, pursuant to the parties' request, a judicial settlement conference has been scheduled before Justice Nivison, to be held in The Kennebec County Superior Court at 8:30 a.m. on March 27, 2008. Appropriate notices will be sent to the parties. Mr. Kobritz need not be physically present for the settlement conference but must be accessible by phone at all times.

The clerk is directed to incorporate this Order into the docket by reference.

Dated: March 14, 2008

WILLIAM ANDERSON
JUDGE, DISTRICT COURT

A TRUE COPY
ATTEST: _____
CLERK

| Parties Participating: | Counsel: |
|---|---|
| Jordan I. Kobritz | R. Lee Ivy, Esq. |
| | Brendan Rielly, Esq. |
| Ellen L. Severance | Charles Gilbert III, Esq. |
| Stewart Kobritz | Jon Haddow, Esq. |
| Sharon Kobritz | Bruce Mallonnee, Esq. |
| Bangor Savings Bank | Bruce Mallonnee, Esq. |

_a.

| Parties Participating: | Counsel: |
|---|---|
| Jordan I. Kobritz | R. Lee Ivy, Esq. |
| | Brendan Rielly, Esq. |
| Ellen L. Severance | Charles Gilbert III, Esq. |
| Stewart Kobritz | Jon Haddow, Esq. |
| Sharon Kobritz | Bruce Mallonnee, Esq. |
| Bangor Savings Bank | Bruce Mallonnee, Esq. |

STATE OF MAINE                          SUPERIOR  COURT
PENOBSCOT, SS.                          CIVIL ACTION
                                        DOCKET NO CV-05-110


JORDAN J. KOBRITZ, individually and
As Special Administrator of the
Estate of Morris Kobritz,

                Plaintiff,
            v.                                      JUDGMENT
ELLEN L. SEVERANCE; STEWART KOBRITZ,
As Personal Representative for the ESTATE OF
SAMUEL J. KOBRITZ; and SHARON KOBRITZ       ┌────────────────────────┐
and BANGOR SAVINGS BANK, as Co-personal     │  FILED & ENTERED        │
Representatives of the ESTATE OF NATHAN KOBRITZ, │ SUPERIOR COURT      │
                                            │     MAY 2 7 2009        │
                Defendants.                 │  PENOBSCOT COUNTY       │
                                            └────────────────────────┘


Hearing was complete and post trial submissions received by April 24, 2008 on

the plaintiff's complaint and defendant Severance's counterclaims. The plaintiff was

present and represented by counsel, Brendan Rielly, Esq., while the defendant Ellen

Severance was present and represented by counsel, Charles Gilbert, Esq. and the Estate

of Nathan Kobritz was represented by Bruce Mallonee, Esq.


In his complaint, the plaintiff Jordan Kobritz primarily asks the court to void a

transfer of real estate from John and Nathan Kobritz acting as their father's personal

representative to themselves and then from themselves to Ellen Severance, and to void

the deeds that reflect that conveyance. In counts I and III, the plaintiff alleges that the

conveyance was fraudulent and accomplished with the purpose of defrauding

creditors. In count II, the plaintiff alleges that the conveyance violated a provision of

their father's will, and in count IV, the plaintiff alleges that the conveyance unjustly

enriched John and Nathan because it enabled them to avoid paying debts to creditors,

including the plaintiff. In deciding the issues in this case, the court will first address the statute of limitations.

Any person who files an action to recover lands or make entry thereon must do so "within 20 years after the right to do so first accrued" or "within 20 years after he or those under whom he claims were seized or possessed of the premises."14 M.R.S.A. § 801. In this case, the conveyances that the plaintiff seeks to have set aside occurred in 1982, outside of the 20-year limitation period. Plaintiff argues, however, that an exception to the 20-year statute applies. According to 14 M.R.S.A. § 859, if a person fraudulently conceals the cause of action, or commits a fraud that entitles any person to an action, "the action may be commenced at any time within 6 years after the person entitled thereto discovers that he has just cause of action." To decide whether this exception extends the period of limitations, the court must examine the relevant facts in detail.

Morris Kobritz owned a farm on Essex Street in Bangor and died testate on February 12, 1980. After making some minor bequests, he devised, bequeathed, and gave the remainder of his estate, to his sons, Nathan and Samuel J. (John) Kobritz as tenants in common, their heirs and assigns forever. That remainder of the estate consisted mostly of the farm, and the will included an additional condition that the farmstead not be sold by the co-executors (Nathan and John) until twenty five years after his death. Jordan and Sharon Kobritz are children of Nathan and Stewart is a child of John.

Nathan and John continued to operate the farm after the death of their father and also owned a restaurant located in Orono, Maine, called the Oronoka. Assisting them in these enterprises was Ellen Severance, a long time associate. At times the brothers experienced business difficulties and fell behind in loan obligations. In 1976 Northeast

Bank obtained judgments against the brothers in the total amount $51,695 that remained unsatisfied for several years.

Another debt relevant to this analysis concerned Morris Kobritz's debt to Northeast Bank. In 1977, Buzz Gardiner, a bank official, approached Jordan Kobritz about a judgment that the bank had obtained against Morris Kobritz. Mr. Gardiner suggested that the plaintiff sign a note to cover the judgment and have the judgment assigned to him, because the bank's only other recourse was to proceed against the farm to recover the debt. The Plaintiff agreed and signed a note in the amount of the judgment and the bank assigned the judgment to him in an assignment dated January 26, 1982. The court accepts the plaintiff's motive as being altruistic, because he had a close relationship with his grandfather and desired to keep him on the farm. Although the plaintiff was not close to his own father who disowned him because the plaintiff married a non-Jewish woman, the plaintiff was close to his grandfather. From their break in 1971, the plaintiff did not speak with his father until 1995, but had a cordial relationship with his uncle John.

On November 24, 1982, after Morris' death, John and Nathan, in their capacities as co-personal representatives of the estate, transferred the farm to themselves for no consideration. On the same day, acting as individuals, they conveyed the farm to Ellen Severance either with or without consideration, which is an unresolved issue. These are the conveyances that the plaintiff seeks to void in this litigation. The plaintiff's complaint is time barred by the twenty year limitations period unless he can prove that these conveyances were fraudulent, designed to prevent him from collecting the assigned Northeast Bank judgment. The defendants assert that the conveyances were not made to defraud the plaintiff and claim that the brothers paid the judgment before the conveyance. In the absence of proof of fraud, the defendants assert that this action

was not brought within the applicable twenty-year statute of limitations and should be dismissed.

The plaintiff retained Norman Minsky, Esq. to collect this judgment, although the extent of his authorized representation is at issue. Attorney Minsky filed a proof of claim concerning this judgment against the Morris Kobritz estate on April 15, 1982. He applied for and obtained a writ of execution for this judgment in the amount of $30,906.25 on June 29, 1982. An execution concerning this judgment had already been recorded in the Penobscot County Registry of Deeds and the attachment had been made since April 8, 1975 and extended properly. Attorney Minsky also arranged to have the farm sold at a sheriff's sale. The Sheriff of Penobscot County issued a Notice of Sale concerning this premises on September 24, 1982, indicating that the sale would take place on November 4, 1982, unless the debt was paid sooner. John and Nathan consulted with their lawyer Frederick Badger, Esq. who advised them to raise $33,281.37 to cover the judgment plus interest and costs and tender that amount to the plaintiff prior to November 4, 1982. Shortly before the sale, John called Attorney Badger to tell him that they had raised the money and that he would be delivering it to Attorney Minsky. On the date of the sheriff's sale, Attorney Badger hand delivered a letter to Attorney Minsky that contained enclosures including a satisfaction of judgment, discharge of lien, and discharge of attachment of real estate, with instructions for Attorney Minsky to execute them upon payment. On November 8, 1982, the registry of deeds received and recorded the Discharge of Attachment of Real Estate and Discharge of Lien, both executed and acknowledged by Norman Minsky on November 4, 1982. The Satisfaction of Judgment has not surfaced. The sheriff's sale did not take place and the questioned conveyance of the farm to Ellen Severance took place sixteen days later.

Attorneys Minsky and Badger no longer have their files related to these events and Attorney Minsky has no independent recollection of receiving payment from John and Nathan and there is no cancelled check or receipt that reflects that payment was made; however, Attorney Minsky indicated at hearing that he would not execute the discharges unless the judgment had been paid or the client directed him to do so. As noted in the preceding paragraph, Attorney Badger remembers receiving a call from John indicating that he was delivering payment to Attorney Minsky. This was admitted over objection pursuant to M. R. Evid. 803(3). John's subsequent statement to his attorney that he had paid Attorney Minsky the amount of the judgment was admitted, without objection according to this judge's notes. The court is not considering this statement because it is inadmissible hearsay and does not fall within any of the exceptions. Finally, at trial, Ms. Severence produced a tally that she said she retrieved from Oronoka records that appears to relate to the collection of funds used to pay off the debt and specifically contains the amount that was due, $34,155.94.

Against this circumstantial evidence of payment, the plaintiff testified at trial that he has not received payment of the assigned judgment. He indicated that he only hired attorney Minsky to file the claim against Morris' estate and did not authorize him to undertake additional collection measures and specifically did not authorize that the farm be sold at sheriff's sale, pointing out that he would not want to cause his father and uncle to have to leave the farm. He maintains that he felt protected for 25 years, because the real estate could not be sold for that period of time. He also indicates that he knew nothing about the scheduled sale and was not aware that Attorney Minsky had signed and delivered the discharge of lien and attachment.

From the evidence concerning the events leading up to the sheriff's sale, one could conclude that after receiving notice of the impending sale of the farm, the

brothers decided to pay the judgment. They met with their attorney, Mr. Badger, and informed him they were raising the money and later told him that they had in fact raised the required amount. He prepared the lien and attachment discharges as well as a satisfaction of judgment to be executed by the plaintiff's attorney, Mr. Minsky, upon payment and he hand-delivered the documents to him on the day that the sheriff's sale was to be held. Although there is no direct evidence in the form of a cancelled check or receipt indicating that the judgment was in fact paid, Attorney Minsky executed the discharges on the same day and caused them to be filed in the registry four days later. As a result, the sheriff's sale did not take place. Based on Attorney Minsky's testimony that he would not have signed the discharges unless the debt was paid in full or his client instructed him to do so, one could conclude that the judgment was in fact paid. This conclusion is so compelling that the court finds that the plaintiff has not proved by a preponderance of the evidence [1] that the debt remains unpaid, a fact upon which the fraud argument depends. To conclude otherwise, the court would have to believe that not only Attorney Minsky was acting on his own and without authorization in arranging for the sheriff's sale but also filed discharges in the registry and cancelled the sheriff's sale even though the judgment was not paid.

Other factors support this result. Part of the plaintiff's argument that the sale to Severance was fraudulent is the absence of a legitimate non-fraudulent reason for the sale. The court also doubts the legitimacy of the transaction, especially when it is clear that the brothers had put a liquor license, the Oronoka, real estate, and motor vehicles in Ms. Severance's name to gain advantage against creditors and others in the past and

---

[1] The plaintiff argues that the clear and convincing evidence standard should apply. The court is not certain the requirement that fraud must be proved by clear and convincing evidence extends to proof of statute of limitations issues in which the issue of fraud is relevant.

Code Enforcement Officer Wellington's testimony is considered. At the time of the sale, however, Northeast Bank had a judgment against John and Nathan and its efforts to collect the judgment would have been frustrated by the sale to Severance, supplying a rationale for the sale. In fact, Northeast brought a lawsuit to void the conveyance as a fraudulent attempt to avoid paying that judgment, but the case was settled. Finally, the plaintiff argues that he had a close relationship with his uncle and certainly would not want to force his father and uncle to lose the farm. The plaintiff had a long and bitter estrangement with his father, however, and on a prior occasion the plaintiff held the mortgage to his parent's home. When their marriage was breaking apart the plaintiff was supportive of his mother, there was a foreclosure and his father was required to move out and his mother returned to the home.

Based on these findings, the court finds that the plaintiff has failed to prove that the judgment against Morris Kobritz assigned to the plaintiff was not paid. As a result, there was no fraud and the applicable statute of limitations requires that this suit be dismissed.

The court must address remaining issues raised by the pleadings.

First, counterclaim plaintiff Severance has filed quiet title and declaratory judgment counterclaims in which she seeks an order declaring that she has title to the farm to the exclusion of the other parties. The court assumes, but does not decide, that there are no limitations issues with regard to these counterclaims because of their unique nature in that they do not necessarily deal directly with a past event from which a limitations period could run. To the extent that the counterclaim plaintiff is asking the court to rule that the conveyance to her was for consideration, the court cannot do so. Because of the court's suspicions that the conveyance from John and Nathan to Ms. Severance was accomplished to avoid creditors other than Mr. Kobritz, the court finds

that she has failed to prove that the conveyance was for consideration. To the extent that the Ms. Severance asks the court to find that she proved the elements of adverse possession, the court cannot do so because John and Nathan continued to occupy and use the farm after the conveyance as they had prior to the conveyance. In ruling as it has, the court is not quieting title or issuing a declaratory judgment in favor of any other party. *See Markley v. Semle,* 1998 ME 145, 713 A.2d 945.

Next, Jordan Kobritz has also made his claims in his capacity as the Special Administrator of the Estate of Morris Kobritz. The only alleged fraud, constructive or actual, that the evidence would suggest against Morris's estate is the apparent violation of the clause in his will restricting the sale of his farmstead for a period of 25 years. Morris's will clearly expressed that his residuary estate, which included the farmstead, went to John and Nathan in fee simple. In the very next clause he attempted to prevent the sale of the farm for a period of 25 years. However, "[w]henever a testamentary disposition clearly indicates an intention to give the donee an absolute and unrestricted ownership of the property, any subsequent provision tending to impose a restraint upon the alienation of such an estate is void." *Pierce v. Pierce,* 114 Me. 311, 315, 96 A. 143, 144 (1915) (citing *Turner v. Hallowell,* 76 Me. 527, 530 (1884)). Such "a direct restriction for any time, however short, is void." 61 Am. Jur. 2d *Perpetuities* § 99. The restriction on the alienation that Morris attempted to place on his farmstead was and is void. Therefore, the conveyance by John and Nathan to themselves as beneficiaries under Morris's will and then to Severance did not constitute fraud. Absent a finding of fraud, the estate's claims are barred by the statute of limitations and also fail on the merits.

Based on the foregoing,

The Court dismisses the plaintiffs' complaints.

The Courts finds against counterclaim plaintiffs on both counterclaims.


The clerk is directed to incorporate this Judgment into the docket by reference.


Dated: May 22, 2009

WILLIAM ANDERSON
JUSTICE, SUPERIOR COURT

06/15/2009          MAINE JUDICIAL INFORMATION SYSTEM
                    PENOBSCOT COUNTY SUPERIOR COURT
                        PAGE P - PARTY VIEW
JORDAN I KOBRITZ ET AL VS ELLEN L SEVERANCE ET AL

                                        CASE #:BANSC-CV-2005-00110

---------------------------------------------------------------------

| SEQ | TITLE | NAME | DOB | ATTY |
|-----|-------|------|-----|------|
| 001 | PL | JORDAN I KOBRITZ by Lee Ivy, Esq. | / / | |
| 003 | PL | JORDAN I KOBRITZ SP ADM EST M KOBRITZ by Brendan Kielly, Esq. & Lee Ivy Esq | | |
| 002 | DEF | ELLEN L SEVERANCE By Charles Gilbert, Esq | / / | |
| 004 | DEF | STEWART KOBRITZ PR EST SAMUEL KOBRITZ by Jon Haddow Esq. | | |
| 005 | DEF | SHARON KOBRITZ CO PR EST N KOBRITZ by Bruce Mallonee, Esq. | | |
| 006 | DEF | BANGOR SAVINGS BANK CO PR EST NATHAN KOBRITZ by Bruce Mallonee, Esq. | | |